EDWARD N. SCRUGGS, Retired Circuit Judge.
The sole issue in the husband’s appeal of this divorce case concerns whether the trial court erred in awarding periodic alimony to the wife. We affirm.
A search of the trial record pursuant to the presumption created by the ore tonus rule reveals the following facts:
The parties were married in 1964 and separated twenty-one years later.
The husband testified that he has received a social security monthly check, which is now for $282, for ten to twelve years and that he has not had a regular job during that period of time. In 1980, he had a hip joint replaced by a stainless steel joint, and in early 1985, he had by-pass surgery. The evidence as to the extent of his disability is in dispute. At one time, he ran a vehicle body shop, and he testified that, since his last surgery, he has only done a “few odds and ends,” but that he still makes $100 during some months. He states that he has not done any work for a particular motor company for three years. The husband has resided in the marital home since their separation. The home is situated on seventeen acres of land and is free from debt.
The wife is sixty-five years of age. She has arthritis and high blood pressure. Since the separation, the wife has resided with her daughter by a prior marriage, but she desires to rent an apartment of her own. The value of their home place is between $39,000 and $40,000 in her judgment.
She testified that the husband was the best paint and body repair man in town. After his 1981 surgery and until she left in 1985, he earned between $50 and $900 each week for body work which he did for the motor company, for his brother, and for the general public. The income therefrom was not included in tax returns.
The divorce judgment awarded to each party a one-half interest in the marital home and seventeen acres, with the husband being granted its use until his death or remarriage. The furniture, household goods, and appliances were equally divided between the parties. After hearing the husband’s motion for a new trial, the judgment was amended by reducing the monthly periodic alimony award to the wife to $150 from the original amount of $200. The husband timely appealed.
The trial court heard and observed each party testify. Consequently, the decision of the trial court as to periodic alimony is presumed to be correct and will not be reversed on appeal unless it was so unsupported by the evidence as to be palpably wrong. Also, the issues of whether to award periodic alimony and, if so, the amount of the award, fall within the trial court’s discretion, whose decision will be reversed only for a clear abuse of that discretion. Giles v. Giles, 512 So.2d 1380 (Ala.Civ.App.1987). After a consideration of all of the evidence which supported the decision of the trial court, we cannot say that the trial court was palpably wrong or that it abused its discretion by awarding $150 per month as alimony to the wife.
The judgment of the trial court is affirmed.
The wife is granted, and the husband is taxed with, an appellate attorney’s fee of $250.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of Section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.