ROBERT P. BRADLEY, Retired Appellate Judge.
This is an appeal from an order wherein the trial court clarified the terms of the parties’ divorce decree.
The parties were divorced in September 1987. Pursuant to the divorce decree, the parties’ real and personal property was divided. For purposes of this appeal the pertinent provision of the divorce decree is as follows:
“3. The [husband] shall have full ownership and possession of the following property:
[[Image here]]
“d. All household furnishings, fixtures, and equipment situated in the former residence of the parties. [Wife] shall have the right to remove her personal belongings.”
In September 1988 the wife filed a petition to hold the husband in contempt for, among other things, his “refusal to allow her to remove her personal belongings as awarded her in Paragraph 3-D.” The husband filed a counterpetition asserting, inter alia, the contemptuous refusal of the wife to execute certain instruments ordered pursuant to the divorce decree.
After ore tenus proceedings the trial court awarded, inter alia, certain bedroom furniture to the wife. The order, in pertinent part, provides:
“2. The Court further finds that the Respondent, Billy Killebrew Graham, Jr., and the Petitioner, Johnnie Faye Graham, gave two bedroom suites to the Petitioner, Johnnie Faye Graham’s children from a prior marriage. The court finds that the decree of divorce -in this matter allows the Petitioner to remove those bedroom suites for the use and benefit of her children. It is therefore Ordered, Adjudged, and Decreed that the Respondent, Billy Killebrew Graham, Jr., shall deliver the two bedroom suites previously used by the children of Johnnie Graham, to the Petitioner at the Calera Police Department upon reasonable notice and at a reasonable time within thirty (30) days from the date of this decree.”
The husband appeals, contending that collateral estoppel and res judicata bar reconsideration of a property award in a divorce decree after that decree becomes final.
The issue on appeal is not whether the order of the trial court impermissibly modified property settlement provisions of a final divorce decree. Rather, the issue is whether the trial court erred by construing, implementing, and enforcing the provisions of a divorce decree.
The 1987 divorce decree set out above was ambiguous since it did not define exactly what or which “personal belongings” *1127 were awarded to the wife. The latest order of the trial court merely clarified or interpreted this provision of the divorce decree and the trial court had the inherent power to enforce its own decrees. Patchett v. Patchett, 469 So.2d 642 (Ala.Civ.App.1985). No error here.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.