ROBERTSON, Judge.
This appeal involves post-divorce proceedings.
The parties to this action were divorced in 1987. Then, on October 18, 1988, the wife filed a petition for rule nisi in which she alleged that the husband had failed to abide by the divorce decree. Specifically, the wife alleged, among other things, that the husband was in arrears in the amount of $3,155.00 in periodic alimony.
The husband answered and denied the wife’s allegations. Further, he asserted that because he had an inability to pay, he was not obligated to pay. Likewise, he asserted that the issue had previously been adjudicated and that he was found not to be in contempt.
In May 1989, the court entered an order on these matters in which it found that the husband was in arrears, and, consequently, that the parties’ marital home and seventeen acres must be sold, that the husband must use good faith efforts to sell the property, and that the proceeds from the sale were to be divided equally between the husband and wife. This order also provided that the register was authorized to sell the property should the husband not do so within 90 days.
In April 1990, after hearing argument of counsel, but without the parties being present or any testimony being taken, the court ordered, among other things, that the husband be divested of all his interest in the property.
*1338 The husband now appeals.
It is well established that property settlement provisions in a divorce decree become final and cannot be modified after 30 days from the date of the decree. McEntire v. McEntire, 345 So.2d 316 (Ala.Civ.App.1977).
An appeal from the divorce decree in this case entitled Swords v. Swords is found at 520 So.2d 535 (Ala.Civ.App.1988). From that opinion, and the limited record we have before us, we note that the divorce decree made the following disposition of the property in question:
“The divorce judgment awarded to each party a one-half interest in the marital home and seventeen acres, with the husband being granted its use until his death or remarriage.”
Swords, at 536.
Neither party appealed from the aforementioned property settlement provisions of the divorce decree. After they became final, the trial court had no authority thereafter to modify the property settlement provisions. McEntire.
We find that the April 1990, judgment divesting the husband of all his interest in the property that he had previously been awarded a one-half interest in, together with its use until his death or remarriage, was a modification of a property settlement and not allowable.
Accordingly, the judgment of the trial court is due to be reversed.
The wife’s request for an attorney’s fee on appeal is denied.
REVERSED AND REMANDED.
RUSSELL, J., concurs.
INGRAM, P.J., not sitting.