YATES, Judge.
The Lockliers were divorced in December 1990 after a 37-year marriage, with the trial court incorporating a settlement agreement of the parties into the final judgment of *443 divorce. The judgment provides in pertinent part as follows:
“2. That title to the marital residence of the Parties shall remain as is, i.e., jointly with right of survivorship.
“3. That Wife shall have the right to possession of said marital home during her lifetime. That Husband shall pay all indebtedness on said residence and shall pay all utility bills for said residence while Wife resides there.
“4. That Husband shall have the right of possession to the building known as the Workshop.’
[[Image here]]
“6. That the Husband shall pay to the Wife, the sum of $600.00 per month as alimony, commencing January 3, 1991, with a like sum due and payable on the 3rd day of each month hereafter.
“7. That the Husband shall pay all medical expenses incurred by the Wife and shall pay the premium for the AARP Medical Insurance Supplement Policy for the Wife.”
The wife vacated the marital home approximately one month following the divorce and the husband subsequently occupied it. He later placed a lien on the property without the knowledge or consent of the wife, which reduced the equity in the property.
In November 1991, the wife filed a “Motion for Relief from Judgment or Order or in the Alternative Petition to Amend Judgment” wherein she stated “[tjhat an Agreement of the parties was made a part of final decree by reference. That at the time the [wife] entered into the said agreement she was suffering from severe depression, and was distraught, and did not fully comprehend the terms of said agreement.” She asked the trial court for the following relief:
“[S]et aside its final decree of December 14, 199[0] in that the Respondent, due to her mental condition at the time of the execution of the agreement of the parties, did not have sufficient mental capacity to enter into said agreement. The Respondent prays further that in the alternative, the Court will require the Respondent to pay your Petitioner a sum of money as her equitable share of her interest in the parties’ marital home.”
The husband answered, arguing that the property settlement of the parties could not be modified, and counterclaimed, alleging a decrease in income constituting a change of circumstances and requesting a reduction in alimony payments.
After a hearing, the trial court, in its order of July 31, 1992, upheld the original judgment of divorce and clarified paragraphs 2, 3, 4, 6, and 7 as follows:
“1. The original Divorce Decree is fully effective. Even so, the same is hereby clarified to indicate what will be done with the residence at such time, preceding the death of either party, as Plaintiff elects to reside elsewhere. That clarification is as follows:
“During such times, Plaintiff may rent the residence to any responsible lessee she chooses. Defendant shall allow it to be shown to prospective renters at all reasonable times, and shall not obstruct Plaintiffs attempts to lease. Defendant shall remain liable for the indebtedness on the residence while it is rented, but not for utilities. Rent payments shall be made to Plaintiff for her use and benefit. Nothing herein shall divest Defendant of his rights in the workshop on the premises.
“2. At such times as the residence is leased, and rent is being collected, Defendant’s monthly alimony payment shall be reduced to the sum of $525.00 per month.
“3. A money judgment in the amount of $633.00 is hereby entered for Plaintiff against Defendant, on account of his failure to pay medical expenses and insurance premiums, for the collection of which execution may issue.
“4. If Plaintiff survives Defendant, and if the mortgage on their joint property is then unsatisfied, there shall be a lien against Defendant’s estate and in favor of Plaintiff in the amount of the mortgage indebtedness, not to exceed $6,000.00; provided, however that nothing shall prevent Plaintiff from waiving or discharging this provision beforehand.
*444 “Should the parties agree to sell their joint property before the death of either, when the additional lien indebtedness incurred by the defendant subsequent to the divorce decree of the parties in this cause and secured by the residence is still outstanding, then that part of the net proceeds otherwise due and payable to defendant shall be reduced in an amount sufficient to pay said additional lien indebtedness. In such circumstance, the first paragraph in this provision number ‘4’ shall be void.
“Defendant shall not dispose of the assets of his construction business, nor allow their disposition (other than in the ordinary course of business), nor shall he dispose of his ownership interest in the business itself, (1) unless he shall apply the proceeds to the extent required so as to restore that equity in the parties’ joint property which was heretofore depleted by him, or (2) unless the parties have already disposed of their joint property per the preceding paragraph. If Defendant so restores such equity, the first paragraph in this provision number ‘4’ shall be void.
“5. Neither party shall further encumber their joint property, except by agreement.
“6. Defendant shall vacate the residence at the times Plaintiff elects to reside therein, or when she rents the same.
“7. Except as set forth above, the original divorce decree between the parties shall stand as written. All claims for relief set forth in the parties’ pleadings and not granted by the foregoing terms are Overruled and Denied.”
(Footnote omitted.)
The court also found that at the time the wife entered into the agreement she was “under a good deal of emotional stress. Nonetheless, her mind was not affected to an extent that impaired her capacity to contract.” The trial court further stated as follows: “The provisions of the agreement relating to ownership and possession of the residence and the adjoining workshop constitute a property settlement, and the Court therefore has no authority to order Defendant to pay Plaintiff for her interest in that property. Still, the agreement is uncertain and/or ambiguous as to what should be done when Plaintiff vacates the residence. The decree must be clarified in that regard.” (Footnote omitted.)
The husband appeals the trial court’s order of July 31, 1992, claiming it is a modification of the property settlement entered into between the parties in the original divorce judgment of December 1990.
We note at the outset that when evidence is presented ore tenus, a presumption of correctness automatically attaches and the judgment of the trial court will not be reversed unless shown to be plainly and palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). Also, we recognize that once a divorce judgment is final, property settlements cannot be modified after 30 days from entry of the judgment. Swords v. Swords, 578 So.2d 1337 (Ala.Civ.App.1991). However, a trial court has the power and authority to clarify or interpret a provision of a divorce judgment. Graham v. Graham, 555 So.2d 1126 (Ala.Civ. App.1989).
In the present case, we find the trial court’s order of July 31,1992, provided needed clarification of certain paragraphs-of the original divorce judgment. Instead of modifying the original judgment, the trial court made it clear that included in the wife’s right of “possession of said marital home in her lifetime” was her right and ability to rent it if she so desires. Additionally, the trial court addressed the lien placed on the property by the husband in the event he predeceases the wife.
The husband further contends that the trial court erred in refusing to substantially reduce alimony payments payable to the wife. This court has stated that “[p]eriodic alimony.... is an allowance for future support and maintenance which is indefinite in time and is modifiable upon a showing of a material change in circumstances.... Modification of periodic alimony is discretionary with the trial court, and its decision will not be overturned except for an abuse of that discretion.” Kilgore v. Kilgore, 572 So.2d 480, 482-83 (Ala.Civ.App.1990) (citations omitted).
*445 In the year between the divorce and the requested modification, the husband retired, drastically reducing his income. The record reveals, however, that he continues to work with his son in a construction business and earns $7,800 per year. The husband testified that to prevent reduction of his Social Security benefits, this amount is the maximum he can earn. The husband owns approximately % of the stock in the construction business; however, he testified that no dividends are paid from the business. Additionally, the husband testified that he receives $850 per month in Social Security benefits and $572 per month in retirement benefits. .
Several factors are used by the court to determine the initial award of alimony, one of which is the earning capacity of the parties. Seamon v. Seamon, 587 So.2d 333 (Ala. Civ.App.1991). The trial court in this ease considered the husband’s change in circumstances by allowing him a $75 reduction in alimony payments for months when the wife received income ¡from renting the marital residence. We see no abuse of discretion in the trial court’s decision regarding alimony.
Based upon the foregoing, we hold that the trial court’s judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.