658 So.2d 479 (1994)
Deana Sharon Dotson COHN
v.
Jeffrey Lee COHN.
AV93000316.
Court of Civil Appeals of Alabama.
October 7, 1994.
On Application for Rehearing December 2, 1994.
Certiorari Denied March 3, 1995.
*480 William H. Mills of Redden, Mills & Clark, Birmingham, for appellant.
James E. Turnbach of Turnbach & Warren, P.C., Gadsden, for appellee.
Sammye Oden Kok and Victoria V. Norris of Dominick, Fletcher, Yielding, Wood & Lloyd, P.A., Birmingham, for appellees-intervenors Alan Cohn and Charlotte Cohn.
Alabama Supreme Court 1940414.
THIGPEN, Judge.
This case involves post-divorce proceedings.
The parties divorced in 1990, and the divorce judgment awarded the parties joint custody of their three minor children, with the mother having primary physical custody. Incorporated in the judgment was an agreement of the parties that the children would reside within 75 miles of Gadsden, apparently *481 the area most familiar to the children as their family home. The judgment also ordered the father to pay child support. In May 1993, the father filed a petition to modify that judgment, seeking exclusive custody of the children. He alleged, inter alia, that the mother's plan to move to Birmingham was a material change in circumstances, and that it would not be in the children's best interests to be removed from Etowah County, and that, therefore, he should have primary physical custody. The mother filed an answer denying the father's allegations, and she filed a counterpetition, seeking, inter alia, exclusive custody, an arrearage with interest, an order finding the father in contempt for failure to comply with the previous support order, and an order specifically addressing visitation.
Following ore tenus proceedings, the trial court entered an order that, inter alia, denied the father's petition for a custody change, enjoined the mother from removing the children from Etowah County, awarded the mother an arrearage, refused to find the father in contempt, and addressed visitation by providing a detailed schedule. The mother appeals.
The mother argues that the trial court abused its discretion by (1) restricting her from removing the children from Etowah County; (2) not eliminating mid-week, overnight visitation with the father; (3) not finding the father in contempt and failing to award her attorney fees; and (4) not ordering the father to pay interest on the arrearage.
The mother first argues that the trial court abused its discretion when it restricted her, as primary custodian of the children, from removing the children from Etowah County. She argues that this is a modification of the original judgment which was not requested, that no evidence supports the change, and that it unreasonably restrained her custodial rights and her freedom to travel and/or relocate.
In addition to requesting custody, the father generally requested further appropriate relief, and was clear in his requests in his pleadings and at the hearing that his primary goal was to keep the children in Etowah County, which he believed would be in the best interests of the children. The issue regarding the children's residential restriction was expressly tried before the trial court by the parties. Rule 15(b), A.R.Civ.P.
Restrictions on the movement of children may be upheld when the territorial restriction promotes or protects the best interests of the children involved. McDaniel v. McDaniel, 621 So.2d 1328 (Ala.Civ.App. 1993). The trial court's position regarding the children, i.e., parens patriae, affords it broad discretionary authority. McDaniel, supra. "There is no wider area for the exercise of judicial discretion than that of providing and protecting the best interests of the children." McDaniel at 1330.
Etowah County is the only home these children have ever known. In that area, they have supportive, extended family, who actively participate in the children's lives. There was evidence presented that relocating the children outside Etowah County at this time could unnecessarily place limitations on their contact with members of their extended family and intensify the impact of the parents' divorce on the children. There was also evidence presented regarding the consequences of a relocation on the children's educational, cultural, and social needs. The children's needs, including the special needs of one child, are presently being adequately satisfied by the custodial parent and others, including the noncustodial parent, the extended family, and the educational system, all located in Etowah County. The mother testified that a support system could be established in her new location to adequately address the children's needs; however, the trial court's conclusion that removing the children from their current surroundings and environment at this time was not in their best interests is supported by ample evidence. We note that there is no prohibition against removal of the restriction in the future as the children's circumstances and needs change.
The mother's argument that the residence restriction on the children places an unreasonable or unconstitutional restriction on her right to obtain employment in Birmingham *482 and to relocate there is unpersuasive. The territorial restriction applies to the children's residence, not to the mother's residence. The mother is free to obtain employment in Birmingham, or elsewhere. The order restrains the mother from removing the children's residence from Etowah County. The mother has failed to disclose error in regard to the trial court's territorial restriction.
Next, the mother argues that the trial court erred in not eliminating overnight, mid-week visitation with the father. She argues that the mid-week visitation was disruptive to stability and created discipline problems.
Visitation, like custody, is a matter that rests soundly within the broad discretion of the trial court, and its determination regarding visitation must be affirmed absent a finding that the judgment is not supported by any credible evidence, and that the judgment, therefore, is plainly and palpably wrong. Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App.1987). The ore tenus rule affords the judgment in the instant case a presumption of correctness on appeal. Andrews, supra. Although visitation is a case-by-case determination, the trial court is guided by what is in the children's best interests. E.W. v. Montgomery Department of Human Resources, 602 So.2d 428 (Ala.Civ.App.1992). The mid-week, overnight visitation with the father was originally part of the parties' agreement regarding visitation, which was incorporated into the divorce judgment. That arrangement, albeit somewhat unique, protects and enhances the children's best interests by promoting and preserving the relationships between the children and the father. Our careful and thorough review of the approximately 1000 pages of testimony reveals no error in the trial court's decision to maintain the original agreement regarding the mid-week overnight visitation.
The mother next argues that the trial court erred in not finding the father in contempt, and, therefore, that the trial court erred in failing to award her an attorney fee. A trial court has the discretionary authority to determine whether to find one in contempt and to award an attorney fee. Hill v. Frye, 603 So.2d 1073 (Ala.Civ.App.1992). Its judgment on the question of contempt and attorney fees is clothed with a presumption of correctness when it is based on ore tenus evidence. Pierce v. Helka, 634 So.2d 1031 (Ala.Civ.App.1994). After hearing testimony regarding the circumstances surrounding the mother's allegations of contempt, the trial court refused to find the father in contempt and denied her request for an attorney fee. The record supports that judgment. On appeal, the mother has shown no abuse of the trial court's discretion.
The mother's final argument is that the trial court erred in not awarding her the requested interest on the arrearage. The trial court's order indicates that the father made less than full payments in certain years, and it allowed the father some credits to arrive at a $7858 arrearage. It entered a judgment against the father for that amount, and the order expressly stated that "no interest is awarded." The mother was entitled to have the amount of interest due on the unpaid support installments calculated and a judgment entered against the father for that amount. State Department of Human Resources ex rel. McGhee v. McGhee, 634 So.2d 573 (Ala.Civ.App.1994). The trial court's failure to award interest on the arrearage is reversible error. McDavid v. McDavid, 627 So.2d 446 (Ala.Civ.App.1993).
Accordingly, that portion of the judgment denying interest on the arrearage is reversed. The cause is remanded for a proper calculation of interest due on the arrearage and for the entry of a judgment consistent with this opinion.
The mother's request for an attorney fee is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.

On Application for Rehearing
THIGPEN, Judge.
Although our original opinion adequately addresses the issues on appeal, we are compelled *483 to extend that opinion on rehearing to reiterate that we find no abuse of discretion in the trial court's judgment regarding the issues concerning territorial restriction and visitation. On application for rehearing, the mother, pursuant to Rule 39(k), A.R.App.P., requests that this court extend its opinion to include a statement of additional facts, and ultimately, to rule in her favor on those issues.
The trial court heard four days of testimony from a seemingly endless parade of witnesses, including psychiatrists, school teachers, members of the clergy, and family members. Those proceedings yielded approximately 1000 pages of transcript, and the record consisted of nine volumes. That public record clearly supports the trial court's judgment. Furthermore, the trial judge in this case was not a stranger to the proceedings or to these parties, having presided over the parties' original divorce action and over subsequent post-divorce proceedings. It is impractical and unnecessary for this court to include every factual detail the mother has asked us to include; to do so would add nothing to existing precedent and would not aid in the disposition of this case.
The initial agreement, which was incorporated into the divorce judgment, contains, in part, the following ambiguous language:
"The parties mutually agree that they shall have joint custody of their minor children, and further agree they will reside in Etowah County, Alabama, and have the children reside within a radius of seventy-five (75) miles of Gadsden, Alabama, until the children are each nineteen (19) years of age or leave home to attend school."
The mother now attempts to escape the binding force of that agreement, which she herself participated in drafting. That agreement also contained a provision regarding mid-week visitation.
The trial court's order simply clarified and enforced its own prior order. The trial court held that the mother was "enjoined and restrained from removing the minor children ... from Etowah County, Alabama, pending further orders of this Court." It appears that the trial court interpreted the mother's impending relocation as a violation of the agreed territorial restriction. "A trial court possesses an inherent power over its own judgments that enables it to interpret, implement, or enforce those judgments." Grayson v. Grayson, 628 So.2d 918, 919 (Ala.Civ.App.1993). Ambiguous provisions may be clarified by a trial court's order, and a clarifying order is not a modification. Grayson, supra. Therefore, the mother's contentions regarding modification are without merit.
Additionally, the mother's contention that the trial court's injunction is gender-based is meritless. The trial court's order interpreting the prior order and enjoining the mother from removing the children from Etowah County is based upon the mother's threatened violation; the record contains nothing to indicate that the father was threatening to violate the prior order. A trial court has the inherent power to enforce its own judgments. Graham v. Graham, 555 So.2d 1126 (Ala.Civ.App.1989).
OPINION EXTENDED; RULE 39(k) MOTION DENIED; APPLICATION FOR REHEARING OVERRULED.
ROBERTSON, P.J., and YATES, J., concur.