William R. England ("the father") appeals from a judgment modifying the terms of a consent order regarding his payments toward *Page 536 
the reduction of a child support arrearage. We affirm.
The parties were divorced in 1982. On February 19, 1993, a consent order was entered in this case, which stated, in pertinent part:
 "4. (b) The parties hereby acknowledge that the Defendant was recently awarded Social Security Disability Benefits and that as a result of that award, the sum of $255.00 per month is being paid directly to the Plaintiff by the Social Security Administration for the benefit of the minor child of the parties. The parties agree that each month the Plaintiff receives said disability payment, that the Defendant shall receive a credit in the sum of $171.72 toward the current monthly child support due from Defendant and that the balance of said disability payment remaining after giving the Defendant said credit shall be credited toward the $21,517.86 arrearage in child support payments due from the Defendant to the Plaintiff."
On May 12, 1994, Linda England Garrett ("the mother") filed a petition to modify, seeking to eliminate this provision of the consent order. After a hearing, the trial court granted her motion, deleting the foregoing provision and substituting the following:
 "4. That beginning November 1, 1994, the Defendant is hereby ordered and directed to pay to the Plaintiff the sum of One Hundred Fifty Dollars ($150.00) per month toward the arrearage owed by him for his delinquent child support for the parties' minor child, namely, William R. England III.
 "The social security disability benefits that are being paid to the said minor child are more than the Defendant would be required to pay as child support."
On appeal, the father contends as follows: (1) Because the parties contractually agreed to the reduction of a child support arrearage through the allocation of disability benefits and that agreement was incorporated into a court order, the trial court lacked jurisdiction to modify that agreement. (2) No material change in circumstances warranted the modification of the consent order. (3) The trial court abused its discretion by ordering the father to pay $150 per month toward the satisfaction of the arrearage in the absence of evidence regarding his ability to pay. The mother did not file a brief on appeal.
We first address the father's argument that the trial court did not have jurisdiction to modify the consent order. Our supreme court has recently held that a trial court has the power to modify a divorce judgment that incorporates an agreement relating to the payment of periodic alimony. Ex parteOwens, [Ms. 1931665, May 26, 1995] ___ So.2d ___ (Ala. 1995). That principle should also apply to agreements regarding the payment of child support. " '[A]ny part of [an] agreement that is merged into the judgment is subject to the equity power of the court and is no longer of a contractual nature.' " Owens, ___ So.2d at ___ (quoting Killen v. Akin, 519 So.2d 926, 930
(Ala. 1988)) (interpolations in Owens). The trial court had the authority to modify the consent order.
We now turn to the father's contention that no material change in circumstances warranted the modification. The "material change in circumstances" standard is not applicable to this case, because Alabama law required the modification entered by the trial court. Social Security benefits may be used to satisfy an obligor parent's liability for child support, but any excess is an extra benefit to the children, and is not to be used to decrease an arrearage. Windham v.State ex rel. Windham, 574 So.2d 853 (Ala.Civ.App. 1990);Bowden v. Bowden, 426 So.2d 448 (Ala.Civ.App. 1983).
 "Clearly, the Social Security disability payments belong to the children. To allow any part of that money to be credited towards the father's arrearage which was due prior to his date of disability would be, in essence, requiring the children to purge the father of contempt."
Windham, 574 So.2d at 855. The modification was necessary to correct the error of law in the consent order that allowed the application of excess Social Security benefits to reduce the father's child support arrearage. The arrearage in child support is owed by the father, and he must reduce it. *Page 537 
Finally, we address the father's argument that the trial court abused its discretion in ordering him to pay $150 per month toward the reduction of a child support arrearage of over $20,000. We have examined the record, and find that it contains sufficient evidence regarding the father's ability to make those monthly payments. He receives both Social Security and Veterans' Administration disability benefits, and his present wife also receives disability income. The father's child with his present wife and his stepchild, both of whom live with the father and his present wife, also receive monthly Social Security benefits of approximately $350 each. A trial court's determination of the amount of a child support arrearage and the means by which that arrearage will be reduced are largely discretionary matters that will not be reversed on appeal absent an abuse of discretion. Brown v. Brown, 513 So.2d 617,619 (Ala.Civ.App. 1987). We conclude that the trial court did not abuse its discretion here.
The father's request for an attorney fee on appeal is denied.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the Judges concur.