CRAWLEY, Judge.
Debra Kaye Howard, now Debra Kaye Carr, and Henry Wayne Howard were divorced in August 1993. The divorce judgment provided, among other things, that the mother would have custody of the two daughters and that the father would have custody of the two sons. The divorce judgment provided for no child support. In August 1998, the mother petitioned to modify the divorce judgment, requesting, among other things, that she be awarded custody of the two sons and that she be awarded child support in compliance with Rule 32, Ala. R. Jud. Admin. Following the presentation of ore tenus evidence, the trial court, among other things, maintained the custody of the two sons with the father and ordered no child support to either party. The mother filed a postjudgment motion, which the trial court denied. The mother appeals.
The mother first argues that the trial court erred by not moving custody of the two sons from the father to her. In child-custody cases, the trial court’s judgment is presumed correct, and its judgment will not be reversed absent a plain and palpable abuse of discretion. Ex *476 parte Jones, 620 So.2d 4 (Ala.1992). The parent who petitions for a modification of a custody order has the burden of proving a material change in circumstances since, the last order, proving that a change of custody will materially promote the child’s best interests, and proving that the benefits of changing custody outweigh the disruption of uprooting the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
The mother’s primary evidence offered to support her petition to modify custody is evidence indicating that the older son did not do well in high school and that the father was not motivating him to continue with higher education. The mother’s primary evidence regarding the younger son is evidence indicating that he is not doing well in high school either.
The father presented evidence indicating that the mother often allowed the older son to stay out well past midnight and that he continued to encourage the older son to continue with his education, but that the older son would not do so at this time. The younger son testified that he did not want to be in the mother’s custody because he does not want to change high schools. The younger son is active in the music programs at Foley High School, and he does not want to transfer to Fairhope High School and give up his music interests at Foley. We conclude that the trial court did not abuse its discretion by denying the mother’s petition to modify the custody of the two sons. The mother simply did not satisfy the McLendon burden to support a custody modification.
The mother next argues that the trial court erred by not modifying the divorce judgment so as to award child support. As stated above, the mother and the father each has custody of two children. Rule. 32(B)(9), Ala. .R. Jud. Admin., which deals with “Split Custody,” states that in such a situation, child support is calculated in the following manner:
“(a) Compute the support the father would owe to the mother for.the children in her custody as if they were the only children of the two parties; then
“(b) Compute the support the mother would owe to the father for the children in his custody as if they were the only children of the two parties; then
“(c) Subtract the lesser support obligation from the greater. The parent who owes the greater, support obligation should be ordered to pay the difference in support to the other parent, unless the court determines, pursuant to the other provisions of this rule, that it should deviate from the guidelines.”
The trial court erred .because it did not calculate the child-support amount in compliance with Rule 32(B)(9). That portion of the trial court’s judgment dealing with child support is reversed, and the cause is remanded for the trial court to use the correct methods in determining the child-support amount.
The appellee’s motion to strike the appellant’s reply brief is denied,
The appellant’s motion for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.