YATES, Judge.
This is a child-support modification case. The record does not indicate the date R.M.O.R. and M.L.P.O. were divorced; however, it appears that two children were born of their marriage and that M.L.P.O., the father, was ordered to pay monthly child support to R.M.O.R., the mother. On March 4, 1999, the father petitioned pro se for a modification, asking that he be relieved of his child-support obligation. He alleged that he had been unable to work since January 1996; that he had begun receiving Social Security disability benefits; and that each child currently was receiving a Social Security payment on the father’s behalf in the amount of $194 per month and had received a lump-sum payment of $1,924 in January 1999. Following an ore tenus proceeding, at'which the father was not represented by an attorney, the court, on July 26, 1999, entered the following order:
“The two children are now receiving monthly benefits of approximately $388. The child support obligation as previously ordered by this Court is $225 per month. The present arrearage, according to testimony, is approximately $3,016.
“WHEREFORE, it is ORDERED that any amount of the benefits paid ($388) that is in excess of the obligation ($225) shall be applied toward the accumulated arrearage of $3,016.”
The State moved to reconsider; the court denied the motion. The State appealed, arguing that the court erred in ordering that any excess of the Social Security benefits over the child-support obligation be applied toward the arrearage and that it erred in failing to enter a judgment for the interest that had accrued on the arrearage.
From the scant record, we glean the following facts: the father became disabled in January 1996; he applied for Social Security benefits in June 1997; and he subsequently began receiving disability benefits, which are currently $778 per month. The father owed a child-support arrearage totaling $6,552, plus accrued interest of $731.12. The arrearage was reduced to $3,016, after the father was given a credit for lump-sum payments awarded the children in January 1999. Each child currently receives $194 per .month based on the father’s disability. This amount exceeds the father’s current child-support obligation of $225 per month, creating an excess payment of $163 per month. This court has held that a noncustodial parent will receive full credit against his or her child-support obligation for payments received by a child based on that parent’s disability. Self v. Self, 685 So.2d 732 (Ala.Civ.App.1996). However, as the credit pertains to a child-support arrearage, this court has stated:
“Social Security benefits may be used to satisfy an obligor parent’s liability for child support, but any excess [in Social Security benefits] is an extra benefit to the children, and is not to be used to decrease an arrearage. Windham v. State ex rel. Windham, 574 So.2d 853 (Ala.Civ.App.1990); Bowden v. Bowden, 426 So.2d 448 (Ala.Civ.App.1983).”
England v. Garrett, 666 So.2d 535, 536 (Ala.Civ.App.1995).
Based on the applicable caselaw, we conclude that the court erred in granting the father a credit against his arrear-age based on the excess Social Security benefits awarded the children. We note that it is within the court’s discretion to “set a reasonable arrearage payment schedule commensurate with the parent’s ability to pay.” Henderson v. Henderson, 680 So.2d 373, 375 (Ala.Civ.App.1996). Further, under the law, a custodial parent is entitled to have an amount of interest calculated on unpaid support and a judgment entered against the obligor for that amount. See Cohn v. Cohn, 658 So.2d 479 (Ala.Civ.App.1994). Accordingly, we reverse the judgment and remand the case for the trial court to enter an order consistent with this opinion.
*972 REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.