777 So.2d 738 (2000)
Debra K. CARR
v.
Henry Wayne HOWARD.
2990292.
Court of Civil Appeals of Alabama.
August 11, 2000.
*739 Davis Carr and Kathleen Cobb Kaufman of Carr, Alford, Clausen & McDonald, Mobile, for appellant.
W. Donald Bolton, Jr., Foley; and Oliver J. Latour, Jr., Foley, for appellee.
THOMPSON, Judge.
Debra K. Carr ("the mother") appeals from a judgment entered on the petition of Henry W. Howard ("the father") to modify the parties' divorce judgment.[1]
*740 The record reflects that the parties were divorced in August 1993. The divorce judgment provided in relevant part:
"The Court finds that the best interest of the children is served by a split custody arrangement. This is based upon the desire of the children, the needs of the children, and the relative capabilities of the parties with regard to parenting of the children. Care, custody and control of the minor children of the parties, [J.W.H.] and [A.W.H.], is awarded to the Husband, Henry Wayne Howard, subject to the reasonable visitation of the Wife, Debra Kaye Howard. Care, custody and control of the minor children of the parties, [S.J.H.] and [H.R.H.], is awarded to the Wife, Debra Kaye Howard, subject to the reasonable visitation of the Husband, Henry Wayne Howard. Each parent is authorized to claim the two children in their custody as dependents for purposes of income tax liability.
". . . .
"The custody order entered by this Court in this cause contemplates that the parents will continue to reside in South Baldwin County (though not necessarily in Foley) as they testified that they would during the trial in this cause. The parties may reside anywhere in the South Baldwin area. Should either parent move outside the South Baldwin area said action would be deemed by this Court to be a material and substantial change of circumstances which might justify a modification of the custody order entered in this cause."
In August 1999, the father filed a motion to enforce the territorial restriction of the divorce judgment or, in the alternative, to modify the judgment. The father's motion stated that he had learned that the mother and her present husband intended to move to Chicago, Illinois, with the parties' two minor daughters, and that the father had not been able to locate the minor daughters. The father sought an order forbidding the mother from leaving South Baldwin County, or in the alternative, modifying the judgment to award the father custody of the two minor daughters.
On August 10, 1999, the trial court entered an ex parte order that prohibited the mother from moving the two minor daughters from South Baldwin County and it set a hearing for September 20, 1999. On September 23, 1999, the trial court entered an order finding that the father had sent, to the mother's attorney, notices of the petition and the trial court's order directing the mother to return the children and to appear at the September 20, 1999, hearing. Neither the mother nor her attorney appeared at the September 20, 1999, hearing. The trial court also found that the mother was sent notice by certified mail, but that the certified mail was refused. Ultimately, the trial court found the mother in contempt for her failure to abide by the trial court's August 10, 1999, order and ordered the mother to appear on October 1, 1999, with the two minor daughters.
On October 6, 1999, the mother answered the father's petition, stating that she was not prohibited from moving out of South Baldwin County with the two minor daughters. The mother also filed a motion to quash the trial court's ex parte order that prohibited her from moving the daughters to Chicago, Illinois. On October 12, 1999, the trial court granted the mother's motion to quash its ex parte order, finding that the ex parte order did not comply with Rule 65(b)(2), Ala. R. Civ. P.
On October 6, 1999, the mother also filed a motion to quash the trial court's order of September 23, 1999, that had held the mother in contempt and had ordered her to appear with the two minor daughters on October 1, 1999. The trial court granted that motion on October 12, 1999. On October 12, 1999, the trial court vacated its entire September 23, 1999, order.
*741 Also, on October 12, 1999, the trial court held a hearing on the father's petition to modify custody and at that hearing it received ore tenus evidence. The trial court issued an order after the hearing, holding the mother in contempt because the court "found that it was obvious from her testimony that she willfully failed to obey the orders of this Court and she willfully tried to refuse service of the paperwork." The trial court also denied the father's petition for change of custody and modified the visitation provisions, stating in part:
"[T]he two girls shall remain with their mother; however, it will be their mother's responsibility to pay for round trip airfare for Mr. Howard and Mrs. Howard, his present wife, and the sons of the parties to Chicago, Illinois to visit the girls every other weekend beginning the weekend of October 22, 1999. The Court finds that in the alternative, she can pay for the round trip airfare for the girls to go see their father every other weekend.
". . . .
"It is obvious with Mr. Carr's new employment that is what caused the family to move to the Chicago area and with his testimony that he is earning five times what he earned in Mobile, that they should be able to afford these trips."
The judgment also ordered the mother to pay all required airfare for visitation during the daughters' Christmas break, spring break, and summer visitation. The mother was also ordered to pay the father's attorney fees.
On November 12, 1999, the mother filed a postjudgment motion, which was denied by the trial court on November 19, 1999. The mother appeals.
The mother argues that the trial court erred by finding her to be in contempt. We agree.
"`Whether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong,' the judgment of the trial court is to be affirmed."
Wearb v. Luks, 708 So.2d 181, 185 (Ala. Civ.App.1997) (quoting Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App.1994)). The trial court held the mother in contempt for her failure to appear at the September 20, 1999, hearing. The trial court granted the mother's motion to quash that order because it did not comply with Rule 65(b)(2), Ala. R. Civ. P. When the trial court quashed that September 23, 1999, order, it vacated its finding that the mother was in contempt for failure to appear at that hearing.
The father argues that the mother violated the divorce judgment by moving to Chicago with the parties' two minor daughters. The divorce judgment stated that it "contemplates that the parents will continue to reside in South Baldwin County" and that if either parent did move from the area that that move would be deemed to "be a material and substantial change of circumstances which might justify a modification of the custody order entered in this cause." The divorce judgment did not prohibit the mother from moving. Therefore, we conclude that the trial court erred in holding the mother in contempt.
The mother also argues that the trial court erred in modifying the visitation provisions of the divorce judgment and in ordering her to pay the costs of travel for visitation between Chicago and Baldwin County. "Visitation, like custody, is a matter that rests soundly within the broad discretion of the trial court, and its determination regarding visitation must be affirmed absent a finding that the judgment is not supported by any credible evidence, and that the judgment, therefore, is plainly and palpably wrong." Cohn v. Cohn, 658 So.2d 479, 482 (Ala.Civ.App.1994). Visitation is determined on a case-by-case basis, and the trial court, in ruling on visitation, *742 is guided by the children's best interests. Id.
The trial court ordered that custody of the children would remain unchanged. It ordered that the father would have visitation with the two minor daughters every other weekend and that the mother would be responsible for paying for the daughter's airfare from Chicago to Baldwin County, or alternatively, responsible for the cost of airfare for the father, his wife, and the parties' two sons from Baldwin County to Chicago every other weekend. The trial court received testimony from the mother and her husband indicating that her husband had received a tremendous opportunity to practice law in Chicago, earning five times the amount he had earned practicing law in Mobile. The trial court apparently concluded that the mother could afford the financial costs associated with the extensive amount of air travel that it ordered. We conclude that it was within the trial court's discretion to order the mother to pay for the travel required for visitation. However, we do not agree that the visitation provision included in the trial court's order is in the best interests of the children.
As indicated above, "[i]n exercising its discretion in awarding visitation rights, the trial court's primary consideration must be the best interests and welfare of the children, and each case must be decided on its own facts." Mann v. Mann, 725 So.2d 989, 992 (Ala.Civ.App.1998); see also Denney v. Forbus, 656 So.2d 1205, 1206 (Ala.Civ.App.1995). We conclude that the current visitation schedule, requiring either the two daughters or the two sons to travel every other weekend from Chicago to Baldwin County or from Baldwin County to Chicago, respectively, is disruptive to the family unit, creates problems in family stability, and, ultimately, is not in the best interests of the children. The frequency and length of the travel required, in our opinion, must be a factor in the consideration of what serves the children's best interests. We do not believe the best interests of the children are served by having them spend every other weekend fighting the crowds at O'Hare International Airport.
Therefore, we hold that the trial court abused its discretion in its visitation award, and we conclude that it should have fashioned a less disruptive visitation schedule for the children, a schedule that would still be in harmony with the goal of giving parents equal time with their children.
The mother also argues that the trial court abused its discretion in awarding the father attorney fees. An "award of an attorney fee is within the sound discretion of the trial court and will not be reversed except for an abuse of discretion." G.K.M. v. E.B.M., 728 So.2d 1102, 1104 (Ala.Civ.App.1998) (internal citations omitted).
The mother argues that the award of attorney fees to the father was error because the trial court did not alter custody and because the father could have filed his motion to modify the divorce judgment sooner. The mother's brief on appeal states what she says are several reasons why the trial court's award of attorney fees was erroneous. However, the mother makes no specific arguments regarding any of those reasons, and she cites no supporting caselaw or statutory authority for her contention that the trial court erred in its award of attorney fees. It is not the function of this court to create arguments, or perform legal research, for an appellant. McLemore v. Fleming, 604 So.2d 353 (Ala.1992).
Therefore, we conclude that the trial court did not abuse its discretion in requiring the mother to pay the father's attorney fees. That portion of its order is affirmed. As to the issues of contempt and the travel requirements imposed for visitation, the trial court's order is reversed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
*743 ROBERTSON, P.J., and MONROE, J., concur.
YATES, J., concurs specially.
CRAWLEY, J., concurs in part and dissents in part.
YATES, Judge, concurring specially.
I agree with the majority that the trial court erred in finding the mother in contempt. I also agree that the trial court erred in modifying the visitation order to state that every other weekend the daughters are to come to Mobile or else the father, his new wife, and the sons are to go to Chicago, where the daughters now live. I write specially to note that every case involving a visitation issue must be decided on its own facts and circumstances, but the primary consideration in establishing visitation rights of the noncustodial parent is the best interest and welfare of the child. Carr v. Broyles, 652 So.2d 299 (Ala.Civ. App.1994).
Under the facts of this case, the trial court should have considered not only the travel demands placed on the children, but also evidence of how visitation had been exercised in the past. Testimony from both the daughters indicated that the father had exercised his visitation with them only "half of the time." I also note that because the husband petitioned for a change in custody and not for a modification of visitation, no evidence was presented as to the mother's visitation with her sons when the trial court sua sponte modified visitation. Evidence regarding the mother's visitation rights with the sons should be considered as well.
CRAWLEY, Judge, concurring in part and dissenting in part.
I concur in all the holdings of Judge Thompson's opinion except for the holding that the trial court abused its discretion in regard to the visitation provisions of the divorce judgment. I recognize that the judgment calls for a large amount of visitation and visitation costs for a Chicago-to-Baldwin County divorce situation. However, the mother testified that her husband, who had practiced law in Mobile, received a tremendous opportunity to practice law in Chicago and in Chicago received approximately five times the salary in he had earned in Mobile. It appears that the trial court found that the mother could well afford the costs of the ordered visitation.
I also recognize that every-other-weekend air flights from Chicago to Mobile involve a substantial amount of travel time. The trial court fashioned the order so that the adolescent daughters would not have to travel all those times; the judgment provides that the father, his wife, and the two sons could fly to Chicago, at the mother's expense, to satisfy the trial court's visitation orders. I am not convinced that the trial court abused its discretion with this visitation provision. See French v. Lyford, 636 So.2d 437 (Ala.Civ.App.1994) (affirming the trial court's visitation provision requiring a three-year-old child to fly from Germany to the United States to have visitation with the noncustodial father).
NOTES
[1] The husband and wife have previously been before this court on postdivorce matters. See Carr v. Howard, 757 So.2d 475 (Ala.Civ.App. 2000). That appeal is unrelated to this present appeal.