MOORE, Judge.
In appeal number 2160528, Kellie Flynn Freebeck ("the wife") appeals from a divorce judgment entered by the Lauderdale Circuit Court ("the trial court"); in appeal number 2160561, Norman John Freebeck ("the husband") cross-appeals from that same judgment.
Procedural History
On September 29, 2015, the wife filed a complaint seeking a divorce from the husband. On October 6, 2015, the husband filed an answer. The trial court entered an order on October 20, 2015, that, among other things, awarded the wife pendente lite custody of the parties' children, M.F., whose date of birth is June 24, 2001, and S.F. and H.F., twins whose date of birth is March 3, 2004.
On June 6, 2016, the wife filed an emergency motion requesting that the trial court approve her relocation with the parties' children to Alexandria, Louisiana. On June 8, 2016, the husband filed an objection to the proposed relocation; he also filed a motion seeking custody of the children. On June 15, 2016, the wife filed a notice of relocation. A guardian ad litem was appointed for the children on June 16, 2016. The husband filed an objection to the notice of relocation on June 23, 2016. On June 27, 2016, the wife responded to the husband's objection to her notice of relocation. The wife filed a revised notice of relocation on July 8, 2016. On August 9, 2016, the trial court orally granted the wife's request to relocate to Alexandria, Louisiana, with the children.
After a trial, the trial court entered a final judgment on January 5, 2017, that, among other things, divorced the parties, divided the parties' marital property, and awarded the wife "$2,000.00 ... per month for a period of 84 months as rehabilitative/periodic alimony." With regard to custody, the parties were awarded joint legal custody of the children and the wife was awarded "primary" physical custody of the children.[1] The judgment specifically stated:
*1140 "If the parties cannot agree on legal custody issues, [the husband] will have ultimate decision making authority related to any and all medical, psychological, mental, and orthodontic care. If the parties cannot agree, [the wife] shall have ultimate decision making authority concerning religious, cultural, athletic and academic affairs."
With regard to the husband's visitation, the judgment provided that the husband would have visitation with the children on any weekend in which the children have a "long weekend" (defined as "the children are out of school any day or days before Saturday and/or the children are out of school on any day after Sunday"), and provided that the husband has the option of exercising that visitation in Alexandria or at his residence in Alabama. For any month not containing a "long weekend, the husband was to have visitation the first weekend of that month in Alexandria. In addition, the husband was awarded visitation the third weekend of every month, and he has the option of exercising that visitation in Alexandria or at his residence in Alabama. The husband was also awarded visitation during the Thanksgiving and Christmas holidays, during the children's "spring break" from school, and during the summer "beginning the first Saturday in June to the second Saturday in July and Saturday to Saturday the last full week of July." The judgment further provided: "Every time [the husband] drives the entire distance to Alexandria for visitation, [the wife] will be required to deliver the children to Florence on the next scheduled visitation."
The husband was ordered to pay $1,791 a month in child support, and the parties were ordered to "split all uncovered medical, hospitalization, dental and opthamolog[y] expenses incurred by the minor children."
On January 27, 2017, the wife filed a postjudgment motion challenging, among other things, the trial court's award of alimony, the trial court's visitation schedule, and the trial court's award to the husband of ultimate decision-making authority regarding the children's medical, psychological, mental, and orthodontic care. On February 3, 2017, the husband filed a postjudgment motion. The wife filed an amendment to her postjudgment motion on February 6, 2017. On February 21, 2017, the trial court entered separate orders denying the parties' respective postjudgment motions.
On April 3, 2017, the wife filed her notice of appeal. On April 12, 2017, the husband filed his notice of cross-appeal.
Discussion
I. The Wife's Appeal-Appeal No. 2160528
On appeal, the wife first argues that the trial court erred in denying her postjudgment motion without holding a hearing.
" 'This court has held that
" ' "[g]enerally, a movant who requests a hearing on his or her postjudgment motion is entitled to such a hearing. Rule 59(g), Ala. R. Civ. P.; Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala. 2000). A trial court's failure to conduct a hearing is error. Flagstar Enters., 779 So.2d at 1221."
" ' Dubose v. Dubose, 964 So.2d 42, 46 (Ala. Civ. App. 2007) ; see also Staarup v. Staarup, 537 So.2d 56, 57 (Ala. Civ. App. 1988) ("[ Rule 59(g) ] mandates that, when a hearing is requested on a motion for new trial, the hearing must be granted.").
" '[However], this court has recognized an exception to the general rule that the denial of a postjudgment motion without conducting a requested hearing is reversible error. See *1141 Gibert v. Gibert, 709 So.2d 1257, 1258 (Ala. Civ. App. 1998) ("A trial court errs by not granting a hearing when one has been requested pursuant to Rule 59(g) ; however, that error is not necessarily reversible error."). "On appeal, ... if an appellate court determines that there is no probable merit to the motion, it may affirm based on the harmless error rule." Palmer v. Hall, 680 So.2d 307, 307-08 (Ala. Civ. App. 1996) ; see also Lowe v. Lowe, 631 So.2d 1040, 1041 (Ala. Civ. App. 1993) ("Denial of a Rule 59 motion without a hearing is reversible error if the movant requested a hearing and harmful error is found."). The Alabama Supreme Court has stated:
" ' "Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court."
" ' Greene v. Thompson, 554 So.2d 376, 381 (Ala. 1989). However, "[w]hen there is probable merit to the motion, the error cannot be considered harmless." Dubose, 964 So.2d at 46.'
" Wicks v. Wicks, 49 So.3d 700, 701 (Ala. Civ. App. 2010)."
Kent v. Herchenhan, 215 So.3d 1079, 1082-83 (Ala. Civ. App. 2016).
In this case, we conclude that at least one of the issues raised in the wife's postjudgment motion-whether the trial court exceeded its discretion in setting the husband's visitation schedule-has probable merit.
" 'Visitation, like custody, is a matter that rests soundly within the broad discretion of the trial court, and its determination regarding visitation must be affirmed absent a finding that the judgment is not supported by any credible evidence, and that the judgment, therefore, is plainly and palpably wrong.' Cohn v. Cohn, 658 So.2d 479, 482 (Ala. Civ. App. 1994). Visitation is determined on a case-by-case basis, and the trial court, in ruling on visitation, is guided by the children's best interests. Id."
Carr v. Howard, 777 So.2d 738, 741-42 (Ala. Civ. App. 2000).
At the trial in this case, the visitation plan proposed by the children's guardian ad litem was introduced as an exhibit. That plan provided that the husband would exercise visitation during "long weekends" and that, during any month in which there was no "long weekend," the husband would exercise visitation on the third weekend of that month. The guardian ad litem's proposed plan also provided that the husband could "have visitation on the first [weekend] (or third [weekend] if it is holiday weekend) in LeCompte[, Louisiana,] or surrounding area." In addition, the guardian ad litem proposed that the husband receive visitation during the Thanksgiving and Christmas holidays, during spring break, and during the children's summer vacation.
At the trial, both parties expressed agreement, for the most part, with the guardian ad litem's proposed plan. The testimony of both parties indicated that they were in agreement that having the children travel 16 hours round-trip to the husband's residence in Alabama for visitation more than once per month was not in the best interests of the children. The husband specifically stated that he had suggested no more than one trip per month because "we can't do that to the children every other weekend." The wife further noted that requiring the children to travel twice per month interfered with the children's homework and school projects. In *1142 the final judgment, however, the trial court awarded the husband visitation on any weekend in which the children have a "long weekend" break from school; the trial court also provided the husband the option of exercising that visitation in Alexandria or at the husband's residence in Alabama. For any month that does not contain a "long weekend," the husband was awarded visitation the first weekend of that month in Alexandria. In addition, the husband was awarded visitation on the third weekend of every month, with the husband having the option of exercising that visitation in Alexandria or at the husband's residence in Alabama. The trial court's visitation schedule gives the husband the option of requiring the children to visit at his residence in Alabama twice per month in the months that contain a "long weekend" that does not occur on the third weekend of that month. Considering that both parties had agreed that traveling to the husband's residence in Alabama more than once per month was not in the best interests of the children, we cannot conclude that the wife's argument challenging the trial court's visitation provision is without probable merit. Indeed, this court has held that similar provisions requiring bimonthly travel of lengthy duration to be an abuse of discretion. See, e.g., L.M. v. K.A., 177 So.3d 1174, 1182 (Ala. Civ. App. 2015) (reversing judgment requiring child to fly alone from Colorado to Alabama at least twice a month); Carr, 777 So.2d at 742 (reversing trial court's judgment requiring the children to fly from Chicago to Alabama every other weekend).
"Because we cannot conclude that the [wife's] postjudgment motion has " 'no probable merit' " and because we cannot " 'resolve[ ] the issues presented ... as a matter of law, adversely to the [wife],' " we cannot conclude that the [trial] court's error in failing to hold a hearing on the [wife's] postjudgment motion was harmless." Kent, 215 So.3d at 1085 (quoting Wicks v. Wicks, 49 So.3d 700, 701 (Ala. Civ. App. 2010) ). Therefore, we reverse the trial court's judgment and remand the cause with instructions to the trial court to hold a hearing on the wife's postjudgment motion. Because we have already determined that at least one issue raised in the wife's postjudgment motion has probable merit, we pretermit discussion of the wife's remaining arguments on appeal. The trial court is instructed to hear arguments regarding all issues raised in the wife's postjudgment motion at the postjudgment hearing.
II. The Husband's Cross-Appeal-Appeal No. 2160561
In his cross-appeal, the husband argues that the trial court erred in applying the factors set forth in Ala. Code 1975, § 30-3-169.3(a), in determining the wife's request to relocate to Louisiana with the children. He argues that those factors should be considered in determining whether a change of custody should take place but not in determining whether a parent may relocate with the children. Initially, we note that the husband did not make this specific argument to the trial court. "This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court." Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992). Even if we did consider the husband's argument, however, there would be no basis for reversal because Ala. Code 1975, § 30-3-169.7, clearly provides: "If the issue of change of principal residence of a child is presented in a petition for divorce or dissolution of a marriage or other petition to determine custody of or visitation with a child, the court shall consider, among other evidence, the factors set forth in [§§] 30-3-169.2 and 30-3-169.3[, Ala. Code 1975,] in making its initial determination." See also *1143 Lackey v. Lackey, 18 So.3d 393, 400-01 (Ala. Civ. App. 2009).
Based on the foregoing, we affirm the trial court's judgment to the extent that the husband challenges the trial court's consideration of the factors set forth in § 30-3-169.3(a).
The motion for attorney's fees filed by the husband is denied.
2160528-REVERSED AND REMANDED WITH INSTRUCTIONS.
2160561-AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

We interpret the divorce judgment as awarding the wife sole physical custody of the children. See, e.g., Smith v. Smith, 887 So.2d 257, 262 (Ala. Civ. App. 2003).