THOMPSON, Judge.
Annie Sue Mears sued Golden Poultry, Inc., for workers’ compensation benefits for injuries she claimed to have received during the course of her employment. After an ore tenus hearing, the trial judge entered an order on May 8, 1997, finding that Mears suffered from bilateral carpal tunnel syndrome as a result of her employment. On May 29 1997, Mears filed a “motion for amended findings,” contending that the determination of a 19% impairment of the body as a whole, which the judge had found, was insufficient because, she argued, it failed to accurately reflect her diminished earning capacity. The motion was filed within 30 days of the final judgment and it sought to amend the final judgment; therefore, we construe this motion as one filed pursuant to Rule 52(b), Ala.R.Civ.P.[1] This motion was denied by operation of law on the 90th day, August 27, 1997. See Rule 59.1, Ala.R.Civ.P. On August 29, 1997, the trial judge entered an order purporting to grant the Rule 52(b) motion, but because that motion had been denied at the end of the 90th day, the August 29 order was void and the original judgment remained in full force and effect. Neither *839 party appealed within 42 days of August 27, 1997 — the date on which the May 29, 1997, Rule 52(b) motion was denied by operation of law. On October 10, 1997, the trial court purported to enter an amended judgment revising its determination of Mears’s disability, ordering Golden to pay Mears 12 weeks of temporary total disability benefits, and directing Golden to reimburse Mears for certain medical expenses. On October 14,1997, the trial court purported to further amend its order, to direct Golden to reimburse Mears for additional medical expenses.
The amended orders dated October 10, 1997, and October 14, 1997, were void because the trial court, on August 27, 1997, had lost jurisdiction to enter an order in the case. Golden Poultry filed a notice of appeal on February 23, 1998. Because the trial court’s judgment became final on August 27, 1997, the notice of appeal is untimely; it came well beyond the 42 days allowed for an appeal. The timely filing of an appeal is a jurisdictional act, and an untimely appeal must be dismissed. Rudd v. Rudd, 467 So.2d 964 (Ala.Civ.App.1985). The purported amendments to the judgment entered on May 8, 1997, are void, and the appeal from that judgment is due to be dismissed as untimely.
DISMISSED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur in the result.

. A second "motion for amended findings” was filed by Mears on June 26, 1997. This subsequent Rule 52(b) motion filed by Mears did not extend the time for appeal from the final judgment.