THOMPSON, Judge.
D.V.P. (“the mother”) appeals from an April 19, 2004, judgment entered by the Juvenile Court of Mobile County (“the juvenile court”).
The record on appeal contains only a portion of the proceedings and filings that are pertinent to this case. The mother and T.W.P. (“the father”) are the parents of two minor children. The mother contends in her brief submitted on appeal that the parties were divorced by a 2001 judgment of the Domestic Relations Division of the Circuit Court of Mobile County (“the circuit court”). That assertion is supported by a provision in the April 19, 2004, judgment of the juvenile court that “return[s]” jurisdiction to the circuit court. It appears from the record that the father filed in the juvenile court a petition to terminate the mother’s parental rights to the parties’ two children; the record does not contain that petition or reference any facts relevant to that petition. The juvenile court conducted a hearing on that petition on November 12, 2003.
On December 18, 2003, the juvenile court entered a judgment in which it, among other things, dismissed the father’s petition to terminate the mother’s parental rights, “confirmed” the circuit court’s previous award of custody of the parties’ two children to the father, and ordered the mother to pay $151 per month in child support. On January 14, 2004, the father filed a postjudgment motion in the juvenile court in which he sought a recalculation of the mother’s child-support obligation.
On February 12, 2004, the mother, proceeding pro se, filed a “motion for contempt” in which she disputed the accuracy or veracity of some of the evidence the father had submitted pertaining to the issue of child support at the November 12, 2003, hearing.[1] In her February 12, 2004, motion, which was supported by certain documentary evidence, the mother also alleged that the father had failed to maintain health insurance for the children and that he had interfered with her communications with them. The mother sought to have the father held in contempt and asked the juvenile court to “deviate from Rule 32 of the Alabama Rules of Judicial Administration for the child-support provision of the order of December [18], 2003.”
On March 3, 2004, the juvenile court purported to enter an order on the father’s January 14, 2004, postjudgment motion. In that March 3, 2004, order, the juvenile court asked the parties to submit new Standardized Child Support Guideline forms required by Rule 32(E), Ala. R. Jud. Admin., and stated that it would take the matter under submission for an additional 14 days.
The father, on April 7, 2004, filed a motion seeking clarification of the visitation provisions of the December 18, 2003, judgment. On April 19, 2004, the juvenile court entered a judgment that stated, in pertinent part:
“The above-styled case is before the Court on [the] Motion for Contempt *855 filed pro se by the mother, [D.Y.P.], on February 12, 2004, and on [the] Motion for Clarification and/or Directions filed by the father on April 7, 2004.

“The matter is further before the Court for a new determination of child support pursuant to previous order of the Court.

“1. The Court having reviewed the Motion for Contempt finds that the matters contained therein have previously been brought before the Court, and, therefore, finds it inappropriate to be brought up on a Motion for Contempt, and therefore said motion be and hereby is ORDERED DENIED.
“2. The matter specifically brought up in [the father’s April 7, 2004, motion for a clarification] was addressed by the CASA,[2] and the CASA did notify the Court that the matter was resolved and therefore the motion is hereby declared to be moot.
“3. The Court having further reviewed the child support affidavits filed by the parties does ORDER that the mother, [D.V.P.], shall pay and contribute unto the father, [T.W.P.], the sum of $257.89 per month as child support, pursuant to Rule 32 of the Ala. R. Jud. Admin....
[[Image here]]
(Emphasis added.)
The mother, proceeding pro se, appealed the juvenile court’s April 19, 2004, judgment. The mother raises two issues pertaining to the juvenile court’s determination of child support. The mother, in her “motion for contempt,” disputed the evidence the juvenile court considered in reaching its child-support determination in its December 18, 2003, judgment; the mother did not seek a modification of the child-support provisions of that judgment. Her arguments on appeal pertain only to the evidence the juvenile court considered in reaching the child-support determination contained in its December 18, 2003, judgment. The juvenile court purported to reconsider that child-support determination in reaching its April 19, 2004, judgment. However, as discussed below, the juvenile court had lost jurisdiction to consider the issue of child support at the time it entered its April 19, 2004, judgment.
Neither party has raised the issue of jurisdiction before this court. “However, jurisdictional issues are of such significance that a court may take notice of them ex mero motu. Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002).” Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App.2004).
This matter was pending in the juvenile court; therefore, the Rules of Juvenile Procedure govern the action. Rule 1(A), Ala. R. Juv. P. On January 14, 2004, the father filed what he asserted was a Rule 59, Ala. R. Civ. P., “motion to alter, amend, or vacate” the December 18, 2003, judgment. In his January 14, 2004, motion, the father raised only issues pertaining to the juvenile court’s calculation of the mother’s child-support obligation. The Rules of Juvenile Procedure provide that a party must file a postjudgment motion within 14 days of the entry of a final judgment or order and that such a postjudgment motion may remain pending for only 14 days before being deemed to have been denied by operation of law. Rule 1(B), Ala. R. Juv. P. Therefore, pursuant to Rule 1(B), the father’s motion was required to have been filed, at the latest, by January 2, 2004.[3]
*856 In late January 2004 and early March 2004, the juvenile court purported to enter orders, pertaining to its obtaining additional evidence on the issue of child support, after the expiration of the time allowed by the rules. However, at the time it entered those orders, the juvenile court had lost jurisdiction to consider the issue of child support. S.D.C. v. N.L., 864 So.2d 1089 (Ala.Civ.App.2002) (dismissing an appeal as untimely where the juvenile court had entered orders beyond the time allowed by Rule 1(B)). Although the mother’s February 12, 2004, “motion for contempt” attempted to raise arguments pertaining to the juvenile court’s December 18, 2003, child-support determination, that motion, as it pertained to the issue of the December 18, 2003, child-support determination, was also clearly untimely under Rule 1(B). Therefore, the mother’s February 12, 2004, “motion for contempt” did not place the issue of the reconsideration, or modification, of child support before the juvenile court. We conclude that because the juvenile court was without jurisdiction to enter that part of its April 19, 2004, judgment that increased the mother’s child-support obligation, that child-support determination is void. S.D.C. v. N.L., supra; see also Dismukes v. Dorsey, 686 So.2d 298 (Ala.Civ.App.1996). (the judgment of the circuit court rendered on issues raised in an untimely appeal from the district court was void). Therefore; that part of the mother’s appeal concerning the issue of child support is due to be dismissed. S.D.C. v. N.L., supra; see also Golden Poultry, Inc. v. Mears, 719 So.2d 838 (Ala.Civ.App.1998) (holding that amended orders entered after a party’s postjudgment motion was deemed denied by operation of law were void and dismissing the appeal).
The mother also argues that the juvenile court erred in refusing to appoint an attorney to represent her. The mother was represented by an attorney at the November 12, 2003, hearing on the father’s petition to terminate her parental rights. According to the record currently before this court, the mother did not appear pro se in this matter until the February 6, 2004, hearing. At that hearing, the juvenile court orally denied the mother’s request that an attorney be appointed to represent her; the juvenile court cited as the reason for its ruling the fact that the “sole” matter it would be considering at the February 6, 2004, hearing was the issue of child support.
In her brief on appeal, the mother merely cites Rule 22, Ala. R. Juv. P., for the proposition that the “[rjight to counsel at all stages of the proceedings shall include the right to counsel in an appeal.” The mother does not allege in her brief on appeal the facts she contends entitle her to representation by an appointed attorney. It is not the function of this court to create an argument for an appellant or to perform the appellant’s legal research. Carr v. Howard, 777 So.2d 738 (Ala.Civ.App.2000) (citing McLemore v. Fleming, 604 So.2d 353 (Ala.1992)); see also Black v. Allen, 587 So.2d 349, 349 (Ala.Civ.App.1991) (“The operation of the courts of this state is governed by rules which are no more forgiving to a pro se litigant than to one represented by counsel.”).
Out of an abundance of caution, we note that when the dependency of a child or the possible termination of parental rights is *857 at issue, a parent is entitled to representation by an appointed attorney. § 12-15-63, Ala.Code 1975; K.P.B. v. D.C.A., 685 So.2d 750 (Ala.Civ.App.1996); Smoke v. State, Dep’t of Pensions & Sec., 378 So.2d 1149 (Ala.Civ.App.1979). Although the matter that forms the basis of this appeal appears to have been initiated in the juvenile court by the father’s petition to terminate the mother’s parental rights, the juvenile court dismissed that petition in its December 18, 2003, judgment. The record contains no indication that the mother was not represented by an attorney during that part of the proceedings related to the petition to terminate her parental rights.
The mother last argues that the juvenile court erred in concluding in its April 19, 2004, judgment that it had already considered the matters raised in her February 12, 2004, “motion for contempt.” In her brief on appeal, the mother asserts that although the juvenile court considered that motion during the February 6, 2004, hearing, it did not consider at least one issue raised in that motion. The mother cites no authority in support of her argument on this issue in her brief on appeal. Therefore, we affirm as to this issue. See Carr v. Howard, supra; McLemore v. Fleming, supra.
AFFIRMED IN PART; APPEAL DISMISSED IN PART.
YATES, P.J., and PITTMAN, J., concur.
MURDOCK, J., concurs in the result, without writing.
CRAWLEY, J., concurs in the result in part and dissents in part, with writing.

. The juvenile court conducted a hearing on February 6, 2004, at which the parties and the court referred to certain provisions of the mother's "motion for contempt." The record does not indicate why the mother's motion was stamped as filed on February 12, 2004, after the February 6, 2004, hearing.

. A "CASA” is a court-appointed special advocate for the parties’ children.

. Fourteen days from December 18, 2003, the date of the entry of the juvenile court’s judgment, was January 1, 2004, a state holiday.
*856 Therefore, the next day, Friday, January 2, 2004, was the last day on which the father could file a postjudgment motion in this matter. See Rule 6(a), Ala. R. Civ. P. (governing the computation of time for the filing of motions and pleadings); see also Rule 1(A), Ala. R. Juv. P. (providing that the Rules of Civil Procedure govern where no. procedure is specified in the Rules of Juvenile Procedure).