10 So.3d 613 (2008)
T.P.
v.
T.J.H.
2070656.
Court of Civil Appeals of Alabama.
December 12, 2008.
John T. Sutton, Tuscaloosa, for appellant.
*614 Submitted on appellant's brief only.
THOMAS, Judge.
T.J.H. ("the mother") and D.A.B. ("the father") were married in 1998, when the mother was three months pregnant. Immediately after the wedding, the father surrendered himself to law-enforcement authorities and began serving a 15-year sentence of imprisonment pursuant to his convictions for several felony offenses. K.A.B. ("the child") was born in 1999 while the father was incarcerated. In 2000, the DeKalb Circuit Court divorced the mother and father, awarded the mother custody of the child, ordered the father to pay child support when he was released from prison, and granted T.P., the child's paternal grandmother ("the grandmother"), the right to visit with the child on the third weekend of every month.
In 2001, the mother married R.H. ("the stepfather"). In 2006, the mother filed a petition in the Marshall Juvenile Court to terminate the father's parental rights, alleging that the father was incarcerated, that the father's conduct or condition had rendered him unable to care for the child, that the father had abandoned the child, and that the stepfather desired to adopt the child. The mother further alleged that her petition "shall not infringe on" the visitation rights that had been previously granted to the grandmotherwhom the mother had named, in addition to the father, as a "respondent" and an "essential party" pursuant to § 30-3-30, Ala.Code 1975.[1]
The father answered and denied the material allegations of the mother's petition. The juvenile court conducted a hearing on the petition on December 10, 2007, with the father being present and represented by counsel and the grandmother appearing pro se. On January 2, 2008, the juvenile court entered a judgment terminating the father's parental rights and providing that "[t]he paternal grandmother [T.P.] is allowed visitation with the minor child at the discretion of the mother, [T.J.H.]." On January 15, 2008, the grandmother filed a timely postjudgment motion pursuant to Rule 59, Ala. R. Civ. P. That motion was denied by operation of law on January 29, 2008. See Rule 1(B), Ala. R. Juv. P. The juvenile court, however, set the grandmother's motion for a hearing on March 3, 2008, and, on a motion by the grandmother to continue the hearing, the juvenile court reset the hearing for March 31, 2008. Although the juvenile court purported to deny the grandmother's postjudgment motion on March 31, 2008, it did not have jurisdiction to enter that order. Id.; D.V.P. v. T.W.P., 905 So.2d 853, 856 (Ala. Civ.App.2005). After the grandmother's postjudgment motion was denied by operation of law, the grandmother had 14 daysuntil February 12, 2008to file her notice of appeal.
The timely filing of a notice of appeal is jurisdictional. Holmes v. Powell, 363 So.2d 760, 762 (Ala.1978); M.M. v. L.L., 989 So.2d 528 (Ala.Civ.App.2007). The grandmother's April 11, 2008, notice of appeal is untimely; therefore we dismiss her appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
NOTES
[1] Section 30-3-30 was repealed by Act No. 99-438, Ala. Acts 1999 (effective January 1, 2000).