WOODALL, Justice.
 

 The Jefferson County Board of Health (“the Board”) appeals from the trial court’s
 
 *716
 
 order granting a postjudgment motion filed by Birmingham Hide & Tallow Company, Inc. (“BHT”). We reverse and remand.
 

 This dispute began when the Board received complaints concerning odors emanating from BHT’s meat-rendering plant. On February 2, 2007, the Board sued BHT in the Jefferson Circuit Court, Bessemer Division. In its complaint, the Board alleged, among other things, that BHT was violating the rules and regulations of the Board applicable to the operation of BHT’s facility. The Board sought injunctive and monetary relief.
 

 Several months later, the Board and BHT, with the assistance of their counsel, drafted and executed a settlement agreement designed to remedy the odor problem and to resolve the lawsuit. The agreement required BHT to install and operate to the Board’s satisfaction certain emission-control systems. Further, the settlement agreement provided that, if the systems were not installed and in compliant operation by June 30, 2007, BHT would pay the Board $500 per day in liquidated damages until the systems were installed and operating satisfactorily.
 

 On July 9, 2007, the trial court entered a final judgment approving and incorporating the settlement agreement. The judgment provided that the court would “retain jurisdiction of the matter for enforcement of the Settlement Agreement.” Of course, neither party appealed from this judgment.
 

 BHT did not complete the installation of the emission-control systems by the agreed-upon deadline. Also, it did not pay the liquidated damages required by the judgment. In September 2007, the Board filed a motion to enforce the settlement agreement, seeking to recover liquidated damages. After a hearing, the trial court ordered BHT to pay liquidated damages of $40,500 for its delay from July 1 through September 19, 2007, and also ordered BHT to pay $500 for each subsequent day the systems were not operating in compliance with the settlement agreement.
 

 In May 2008, the Board filed a second motion to enforce the settlement agreement, asserting that BHT had not paid the required $500 per day for the days following September 19, 2007, that it had been noncompliant. On August 8, 2008, more than a year after the settlement agreement had been incorporated into the final judgment, BHT filed a “Motion to Amend or Relief from Settlement Agreement” (“the motion”). The motion asserted the following grounds:
 

 “1. For that the liquidated damage[s] provision of the Settlement Agreement is void as a penalty.
 

 “2. For that any award for liquidated damages [is] excused due to impossibility.
 

 “3. Liquidated damages are excused due to unforeseen actions of third party governmental entities which caused the delay.
 

 “4. For that the necessary approvals mandated by the City of Bessemer, FEMA [Federal Emergency Management Agency] and/or ADEM [Alabama Department of Emergency Management] were conditions precedent to the performance of BHT’s obligations and therefore BHT is excused from the payment of any liquidated damages.
 

 “5. For that the application of the liquidated damage[s] provision violates BHT’s right to due process and amounts to governmental taking of its property.
 

 “6. For that the award of any liquidated damages would be unjust, invalid or unconstitutional in light of
 
 *717
 
 the substantial increase of costs to BHT made necessary by unforeseen and unknown delays and/or requirements resulting from or imposed by governmental entities.”
 

 In January 2009, the trial court granted the motion. In relevant part, the trial court’s order declared that the liquidated-damages clause agreed to by BHT and the Board was, in fact, a penalty and was therefore void. It is from that alteration of the July 9, 2007, judgment that the Board appeals.
 

 Rule 60(b), Ala. R. Civ. P., specifies the limited grounds upon which final judgments may be attacked. Rule 60(b) states, in pertinent part:
 

 “On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
 

 “In general, the decision whether to grant or to deny a postjudgment motion filed pursuant to ... Rule 60 is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless the trial court [exceeded] its discretion.”
 
 Comalander v. Spottswood,
 
 846 So.2d 1086, 1090 (Ala. 2002). However, “[a] party seeking relief must both allege and prove one of the grounds set forth in Rule 60 in order to be granted relief under that rule.”
 
 Ex parte American Res. Ins. Co.,
 
 663 So.2d 932, 936 (Ala.1995). Therefore, where a “Rule 60(b) motion offer[s] no proper basis for granting relief from the judgment, ... the trial court’s granting of that motion [exceeds the trial court’s] discretion.”
 
 Ex parte Alfa Mut. Gen. Ins. Co.,
 
 681 So.2d 1047, 1050 (Ala.1996).
 

 The Board argues that “[t]he trial court erred because BHT neither alleged nor proved any of the grounds for Rule 60(b) relief.” Board’s brief, at 16. We agree. The motion cites no allegedly applicable subsection of Rule 60(b), and it mentions none of the grounds set forth in the rule. In fact, the motion simply seeks relief from a provision that was, first, part of a negotiated settlement, and, then, part of a consent judgment. Moreover, BHT offered no evidence proving any ground for relief recognized by Rule 60(b). Thus, we must conclude that the trial court exceeded its discretion in granting the motion.
 

 We have not ignored BHT’s arguments; instead, we have concluded that they have no merit. BHT argues that “Rule 60(b)(4) applies or ... if ... this particular provision is inapplicable, then clearly the catchall protection of Rule 60(b)(6) is applicable.” BHT’s brief, at 24. However, the motion alleged neither of those subsections, and neither is applicable under the facts of this case.
 

 Rule 60(b)(4) permits a court to relieve a party from a final judgment if the judgment is void. In the motion, BHT did not allege that the judgment incorporating the settlement agreement was void. However, according to BHT, it “was entitled to relief pursuant to Rule 60(b)(4) due to the
 
 *718
 
 fact that[, according to BHT,] the portion of [the] prior judgment containing the liquidated damage[s] provision was void.” BHT’s brief, at 32. BHT misunderstands the scope of Rule 60(b)(4). “[A] judgment is ‘void’ within the scope of that subsection ‘only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.’
 
 Smith v. Clark,
 
 468 So.2d 138, 141 (Ala.1985).”
 
 Williams v. Williams,
 
 910 So.2d 1284, 1286 (Ala.Civ.App.2005). In this case, it is clear that the trial court had jurisdiction of both the subject matter and the parties and that BHT was afforded due process before the judgment was entered.
 

 Rule 60(b)(6) provides that a judgment may be set aside for “any other reason justifying relief from the operation of the judgment.” Under this subsection, “relief is granted only in those extraordinary and compelling circumstances when a party can show the court sufficient equitable grounds to entitle him to relief, but relief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final.”
 
 Patterson v. Hays,
 
 623 So.2d 1142, 1145 (Ala.1993). BHT argues that Rule 60(b)(6) provides a basis for it to be relieved of the burden of a liquidated-damages provision to which it agreed. However, by waiting more than a year after the judgment was entered to challenge the validity of that provision, BHT obviously did not do everything “within [its] power to achieve a favorable result
 
 before
 
 the judgment [became] final.”
 
 Patterson,
 
 623 So.2d at 1145 (emphasis added). See also
 
 Ashley v. State ex rel. Brooks,
 
 668 So.2d 7, 8 (Ala. Civ.App.1994) (“Rule 60 ... cannot be used for the purpose of assisting a party in obtaining relief from the effects of his free, calculated, and deliberate choices.”).
 

 For the foregoing reasons, the judgment of the trial court granting BHT’s post-judgment motion is reversed, and the case is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and SMITH, PARKER, and SHAW, JJ., concur.