PER CURIAM.
*676 In April 2016, J.M. ("the mother") filed in the Talladega Juvenile Court ("the juvenile court") a petition seeking modification of a 2015 custody judgment that had awarded custody of R.K. ("the child") to R.B. and A.B. ("the custodians"). Both the mother and J.A.K. ("the father") had been awarded visitation with the child under the 2015 custody judgment. The juvenile court held a trial on the mother's petition on June 14, 2016. The mother appeared at the trial with counsel; the father and the custodians, however, appeared at trial pro se. On July 7, 2016, the juvenile court entered a judgment awarding the father custody of the child.
The mother and the custodians filed postjudgment motions, the mother on July 14, 2016, and the custodians on July 15, 2016 ("the postjudgment motions"). The juvenile court held a hearing on the postjudgment motions on July 28, 2016, 14 days after the mother's postjudgment motion was filed and the final day on which to rule on her motion. See Rule 1(B)(1), Ala. R. Juv. P. (providing that a postjudgment motion is denied by operation of law if the juvenile court does not render an order on the motion within 14 days of its filing or within the period of any extension of that time); see also Rule 59.1, Ala. R. Civ. P. (governing the automatic denial of postjudgment motions by operation of law in civil actions). At the July 28, 2016, hearing, the juvenile-court judge recognized that he had to rule on the mother's motion on that day and on the custodians' motion by the following day, July 29, 2016. The transcript of the hearing reflects that the juvenile-court judge stated his intention to enter an order under Rule 1(B)(1) extending for an additional 14 days his time to rule on the postjudgment motions. The parties made no objection to the juvenile-court judge's stated intention, and the juvenile court rendered an order on July 28, 2016, extending the time for ruling on the postjudgment motions for an additional 14 days ("the extension order"). The extension order, however, was not entered into the State Judicial Information System by the juvenile-court clerk until August 1, 2016.
On August 8, 2016, before the expiration of the additional 14-day period, the juvenile court entered an order granting the postjudgment motions. The August 8, 2016, order set aside the July 7, 2016, judgment awarding custody to the father. That order also reinstated the 2015 judgment awarding custody of the child to the custodians and ordered that the provisions of that judgment would remain in effect pending a trial on the matter. On August 15, 2016, the juvenile court set the matter for a new trial to be held on August 30, 2016.
On August 30, 2016, the father, then represented by counsel, filed what he styled as a response to the postjudgment motions. The substance of the motion, however, challenged the juvenile court's extension order and the resulting August 8, 2016, order. See, e.g., Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala. 1996) (quoting Union Springs Tel. Co. v. Green, 285 Ala. 114, 117, 229 So.2d 503, 505 (1969) ) ("The 'character of a [motion] is determined and interpreted from its essential substance, and not from its descriptive name or title.' "); Ex parte Lang, 500 So.2d 3, 4 (Ala. 1986) (construing a motion based on its substance and stating that "[i]t is clear that under our Rules of Civil Procedure the nomenclature of a motion is *677 not controlling"). The father contended that the juvenile court's jurisdiction to act on the postjudgment motions had expired before the entry of the extension order on August 1, 2016, and that, therefore, both the extension order and the August 8, 2016, order, having been entered after the expiration of the original 14-day period for ruling on the postjudgment motions, were void. See K.M.G. v. B.A., 73 So.3d 708, 712 (Ala. Civ. App. 2011) (explaining that if a juvenile court does not rule on a postjudgment motion within 14 days, the juvenile court loses jurisdiction over the motion). The father further posited that the July 7, 2016, judgment was still in effect. Although the father contends that his motion was a Rule 60(b)(4), Ala. R. Civ. P., motion alleging that the extension order and the August 8, 2016, order were void, see Jefferson Cty. Bd. of Health v. Birmingham Hide & Tallow Co., 38 So.3d 714, 717 (Ala. 2009) (" Rule 60(b)(4) permits a court to relieve a party from a final judgment if the judgment is void."), because the juvenile court's August 8, 2016, order granted a new trial, that order was an interlocutory order and not a final judgment to which a Rule 60(b)(4) motion could be directed.[1] See Hallman v. Marion Corp., 411 So.2d 130, 132 (Ala. 1982) ("Interlocutory orders ... are ... not brought within the restrictive provisions of Rule 60(b), Alabama Rules of Civil Procedure, which provides for relief from final judgments. Instead, such orders are left within the plenary power of the court that rendered them to afford relief from them as justice requires."). Thus, the father's motion was a motion seeking reconsideration of the juvenile court's August 8, 2016, interlocutory order.
The juvenile court addressed the father's motion at the August 30, 2016, trial setting. After hearing arguments of counsel, the juvenile court stated on the record that it was denying the father's motion. The juvenile court then conducted a new trial on the mother's modification petition. On August 31, 2016, the juvenile court entered a judgment denying the father's motion and the mother's petition for modification.
The father timely appealed. On appeal, he argues that the juvenile court lacked jurisdiction to extend the time for ruling on the postjudgment motions because the extension order was not entered until after the expiration of the original 14-day period for ruling on those motions. Thus, he contends, the extension order, the August 8, 2016, order, and the August 31, 2016, judgment are void.
As noted above, the juvenile court stated on the record at the July 28, 2016, hearing its intention to extend the time to rule on the postjudgment motions under Rule 1(B)(1). To better assist us in addressing the father's arguments, we will set out both Rule 1(A) and Rule 1(B) in their entirety.
"(A) These Rules shall be known as the Alabama Rules of Juvenile Procedure and shall govern the procedure for all matters in the juvenile court. If no procedure is specifically provided in these Rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to those matters that are considered civil in nature and the Alabama Rules of Criminal Procedure shall be applicable to those matters that are considered criminal in nature. Except as otherwise provided by constitutional provision, statute, these Rules, or other *678 rules adopted by the Supreme Court of Alabama, the Alabama Rules of Evidence shall apply in all proceedings in the juvenile courts. For all matters in the juvenile courts, the phrase 'entry of order or judgment' shall have the same meaning as prescribed in Rule 58(c) of the Alabama Rules of Civil Procedure.
"(B) Procedure shall be uniform in all juvenile courts, whether at the circuit court or the district court level or in the circuit court by trial de novo. In all juvenile courts, if an answer or other pleading is filed by a party pursuant to Rule 12, Alabama Rules of Civil Procedure, the answer or other pleading shall be filed within the 14-day period provided in Rule 12(dc), Alabama Rules of Civil Procedure, regardless of whether the juvenile courts are circuit courts or district courts. All postjudgment motions, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within 14 days after entry of order or judgment and shall not remain pending for more than 14 days, unless, within that time, the period during which a postjudgment motion may remain pending is extended:
"(1) By written order of the juvenile court on its own motion, or upon motion of a party for good cause shown, for not more than 14 additional days; or
"(2) Upon the express written consent of all the parties, which consent shall appear of record; or
"(3) By the appellate court to which an appeal of the judgment would lie.
"A failure by the juvenile court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
The father argues on appeal that the juvenile court, in order to effectively extend the time to rule on the postjudgment motions, was required to enter the extension order before the expiration of the original period for ruling on those motions. He relies, in part, on Rule 58, Ala. R. Civ. P., which explains the distinction between "rendition" and "entry" of an order.
"(a) Rendition of Orders and Judgments. A judge may render an order or a judgment: (1) by executing a separate written document, (2) by including the order or judgment in a judicial opinion, (3) by endorsing upon a motion the words 'granted,' 'denied,' 'moot,' or words of similar import, and dating and signing or initialing it, (4) by making or causing to be made a notation in the court records, or (5) by executing and transmitting an electronic document to the electronic-filing system.
"....
"(c) Entry of Order or Judgment. Upon rendition of an order or a judgment as provided in subdivision (a)(1-4) of this rule, the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed 'entered' within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System. An order or a judgment rendered electronically by the judge under subdivision (a)(5) of this rule shall be deemed 'entered' within the meaning of these Rules and the Rules of Appellate Procedure as of the date the order or judgment is electronically transmitted by the judge to the electronic-filing system. ..."
Rule 58.
The father contends that the juvenile court lost jurisdiction to extend the time *679 for ruling on the mother's motion on July 28, 2016, and on the custodian's motion on July 29, 2016, and that the entry of the extension order on August 1, 2016, came too late. The language of Rule 1(B) lends some support to the father's argument. Rule 1(B)(1) states that a postjudgment motion "shall not remain pending for more than 14 days, unless, within that time, the period during which a postjudgment motion may remain pending is extended ... [b]y written order of the juvenile court on its own motion ... for not more than 14 additional days." Thus, any action of the juvenile court to extend the time for ruling on a pending postjudgment motion must occur before the expiration of the original 14-day period.
However, the father's argument hinges on the rule's requiring that the written order of the juvenile court under Rule 1(B)(1) be entered within the original 14-day period for ruling on the postjudgment motion. Rule 1(B)(1) does not explicitly require that the juvenile court enter its written order within the original 14-day period for that written order to be effective. Although Rule 1(A) states that "the phrase 'entry of order or judgment' shall have the same meaning as prescribed in Rule 58(c) of the Alabama Rules of Civil Procedure," the text of Rule 1(B)(1) does not contain the phrase "entry of order or judgment" or the words "entry" or "enter." Rule 1(B) specifically states that it is the failure to render an order on a postjudgment motion within the 14-day period that results in the denial of that motion by operation of law.
Rule 1(B) was amended in 2011 to "provide[ ] a means of extending the time for ruling on postjudgment motions." Comment to Amendment to Rule 1, Ala. R. Juv. P., Effective October 1, 2011. Before the 2011 amendment, the rule provided no method by which the time for ruling on a postjudgment motion could be extended. The rule was amended again in 2014 to its present state "to clarify that the extension permitted upon the court's motion or a motion of a party must be reflected in a written order." Comment to Amendment to Rule 1, Ala. R. Juv. P., Effective July 1, 2014. However, no version of Rule 1(B) permitting a juvenile court to extend the time to rule on a pending postjudgment motion specifically indicates whether the order doing so must be merely rendered within the original 14-day period or entered within that same period to be effective. For additional assistance in determining whether a juvenile court's order extending the time for ruling on a pending postjudgment motion must be merely rendered within the original 14-day period for ruling on that motion or must be entered within that same period to be effective, we turn to the Rules of Civil Procedure. See Rule 1(A) ("If no procedure is specifically provided in these Rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to those matters that are considered civil in nature ....").
Rule 59.1, Ala. R. Civ. P., governs the disposition of postjudgment motions. That rule reads:
"No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
*680 Like Rule 1(B), the text of Rule 59.1 specifically provides that rendition, as opposed to entry, of a postjudgment order is sufficient to satisfy the requirement that a trial court rule on a motion within the specified time period (90 days for civil matters in the circuit court, and, pursuant to Rule 59.1(dc), 14 days in the district court). The Committee Comments to Amendment to Rule 59.1, Ala. R. Civ. P., Effective October 24, 2008, point out that the language requiring that the trial court render, as opposed to enter, its order within the specified period was purposeful:
"In Ex parte Chamblee, 899 So.2d 244, 248 (Ala. 2004), the Court 'reaffirm[ed] that for purposes of Rule 59.1 a trial judge "disposes of" a pending postjudgment motion only by properly entering a ruling either denying or granting the motion.' In 2006 the Committee proposed, and the Supreme Court adopted, an amendment to Rule 58(c) providing that electronic input into the State Judicial Information System constitutes 'entry.' The Committee noted that the elimination of handwritten entries of judgments prevents judges from personally making such entries on the docket sheet or the case-action summary and to that extent 'reinstates the distinction between the substantive, judicial act of rendering a judgment and the procedural, ministerial act of entering a judgment.' Committee Comments to Amendment to Rule 58 Effective September 19, 2006. This distinction also applies to Rule 59.1 if a judge renders an order granting a postjudgment motion before the 90th day but the clerk does not electronically enter the order until after the 90th day. Thus, the Committee, at the request of the Court, has proposed this amendment to Rule 59.1 to cause the timely rendering of an order to be effective to prevent the automatic denial by expiration of time, but retaining the requirement that the order must still be entered for other purposes of these Rules, such as the running of the time for an appeal pursuant to Rule 4, Ala. R. App. P."
See also Ex parte Pierson, 63 So.3d 632, 636 (Ala. Civ. App. 2010) (explaining that, "[u]nder Rule 59.1, a trial court must render an order on a postjudgment motion within 90 days or the motion is deemed denied by operation of law. ... Provided that the trial court has rendered an order on the motion before the expiration of the 90-day period, the entry of the order after the 90th day by the clerk does not affect the timeliness of the trial court's action.").
Rule 59.1, like Rule 1(B), permits the extension of the time for ruling on a pending postjudgment motion. In addition to allowing the parties to agree to an extension of the time on the record, Rule 59.1(dc) specifically permits a district court to extend the time for ruling on a pending postjudgment motion for an additional 14 days; that subsection of the rule provides that a postjudgment motion shall not remain pending for more than 14 days "unless within that time an order extends the period, for good cause shown, for not more than an additional fourteen (14) days." This particular language, which does not indicate whether such an order is effective when rendered or when entered, was added to Rule 59.1(dc) in 2008, and the Committee Comments to Amendment to Rule 59.1, Ala. R. Civ. P., Effective October 24, 2008, indicate that the amendment was not "intended to supersede any provision of the Alabama Rules of Juvenile Procedure."
In light of the language used in Rule 59.1 and Rule 1(B) permitting the rendition of postjudgment orders to satisfy the requirement that a trial court rule on a pending postjudgment motion within the applicable period and the stated reasoning behind that specific language in the Committee *681 Comments to Rule 59.1, we are convinced that the rendition of the extension order was effective to extend the time for ruling on the postjudgment motions. The purpose behind Rule 59.1 is to prevent postjudgment motions from languishing unconsidered in the trial courts, postponing indefinitely the resolution of an action. Committee Comments on 1973 Adoption of Rule 59.1, Ala. R. Civ. P. ("This Rule is designed to remedy any inequities arising from failure of the trial court to dispose of post-trial motions for unduly long periods."); see also Palmer v. Hall, 680 So.2d 307, 308 (Ala. Civ. App. 1996) (citing 2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 59.1.1 (2d ed. 1986)) ("The stated purpose of Rule 59.1 was to improve trial and appellate procedure and to prevent the delay of an appeal by the trial court's failing to rule on a duly filed post-judgment motion."). The amendment of Rule 59.1 to allow rendition of a postjudgment order to be effective for purposes of tolling the 90- or 14-day period was designed to recognize that the trial court's judicial authority, when timely exercised, should not be usurped by the failure of the clerk to timely fulfill the administrative function of entering the order. The same principle would apply to the rendition of an order extending the time for ruling on a pending postjudgment motion. A court's proper exercise of its authority to render an extension order within the appropriate period should be deemed effective to extend the period for ruling so that the court's authority is not infringed.
We conclude, therefore, that the juvenile court timely exercised its authority under Rule 1(B)(1) to extend the time for ruling on the postjudgment motions by rendering the extension order before the expiration of the original 14-day period for ruling on those motions. The extension order was effective, and neither the August 8, 2016, order nor the August 31, 2016, judgment are void. The father makes no argument regarding the propriety of the custody award contained in the August 31, 2016, judgment, and that judgment is therefore affirmed. Ex parte Riley, 464 So.2d 92, 94 (Ala. 1985) (noting that the "failure to argue an issue in brief to an appellate court is tantamount to the waiver of that issue on appeal").
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, Moore, and Donaldson, JJ., concur.

We note that Ala. Code 1975, § 12-22-10, which provides that a civil litigant "may appeal ... from an order granting or refusing a motion for a new trial by the circuit court," does not apply to make an order granting a new trial in the juvenile court appealable.