DONALDSON, Judge.
These mandamus proceedings involve the jurisdiction of the Madison Juvenile Court ("the juvenile court") to enter orders granting a new trial in actions after it had granted the petitions of the Madison County Department of Human Resources ("DHR") to terminate the parental rights of K.O.D., Sr. ("the father"). Because we determine that the juvenile court lacked jurisdiction to entertain the father's untimely *383 filed postjudgment motions seeking a new trial, we direct the juvenile court to vacate the orders granting a new trial.
On June 20, 2017, the juvenile court entered separate judgments terminating the father's parental rights to two children. On July 6, 2017, the father, with the assistance of counsel, filed a motion in each case seeking a new trial in which he asserted the following:
"1) On May 20, 2017, this Honorable Court held a final hearing terminating the Father's parental rights in the above-styled matters.
"2) On June 20, 2017, this Honorable Court entered a final order terminating the Father's rights.
"3) The Father was not transported for the final hearing on May 20, 2017, and counsel for the Father was not aware the final order was entered until July 7, 2017, as she has been out of town since the week of June 17, 2017.[1 ]
"4) As the Father was not transported from the Limestone County Correctional Facility for any hearings, he respectfully requests a new termination hearing where he may be present and present testimony in support of his parental rights.
"Wherefore, above premises considered, the Father respectfully requests this Honorable Court set this matter for a new hearing on this the 6th day of July, 2017."
On July 10, 2017, the juvenile court entered an order in each case setting the father's postjudgment motions for a hearing to be held on July 13, 2017. On July 14, 2017, the juvenile court granted the father's motions for a new trial and set the cases for a termination-of-parental-rights trial to be held on July 28, 2017.
On July 18, 2017, DHR filed motions seeking to have the juvenile court set aside its orders granting a new trial. DHR asserted, in part:
"3. On July 14, 2017, this court entered an order granting the father's motion and scheduling a new hearing on July 28, 2017, which was electronically filed with the clerk's office on July 14, 2017.
"4. DHR maintains that this court's order of July 14, 2017, is improper and that the court lacked jurisdiction to enter same in that the court lost jurisdiction to do so after July 5, 2017.
"5. DHR maintains that the father's postjudgment motion was denied by operation of law after July 5, 2017, which was the last day for filing same. The 14 days allowed for filing said postjudgment motion would ordinarily have expired on July 4, 2017, but since that day was an Alabama state holiday and the court was closed to business the father would have been allowed an additional day, July 5, 2017, to file said motion. His failing to file same until July 6, 2017, makes said motion untimely, thus the order granting same is void and due to be set aside."
On July 26, 2017, the juvenile court denied DHR's motions. On July 27, 2017, DHR filed a motion seeking to stay the termination-of-parental-rights trial, which the juvenile court granted. On August 3, 2017, DHR filed a single notice of appeal to this court, referencing both of the underlying cases. This court docketed two separate appeals and then ordered the appeals consolidated. The father has not filed anything with this court.
DHR asserts that its motions seeking to set aside the July 14, 2017, orders that granted the father's motions *384 for a new trial were filed pursuant to Rule 60(b)(4), Ala. R. Civ. P. A party may appeal from the denial of relief under Rule 60(b)(4). See Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991). This court has explained, however, that " '[R]ule 60(b) appl[ies] solely to final judgments' and cannot be used to challenge an interlocutory pendente lite order. Ex parte Seibert, 231 So.3d 1111, 1113 (Ala. Civ. App. 2017)." A.S. v. T.R.B., 246 So.3d 963, (Ala. Civ. App. 2017). The juvenile court's orders granting the father's motions for a new trial and setting the cases for a new termination-of-parental-rights trial were interlocutory orders. See J.A.K. v. R.B., 238 So.3d 675, (Ala. Civ. App. 2017) (explaining that a juvenile court's order granting a new trial was an interlocutory order and not a final judgment).
Although § 12-22-10, Ala. Code 1975, provides for an appeal "from an order granting or refusing a motion for a new trial by the circuit court," this court has held that § 12-22-10 is inapplicable to juvenile-court orders granting a new trial. J.A.K., 238 So.3d at 677. Thus, the proper method of seeking review of an interlocutory order granting a new trial is by filing a petition for the writ of mandamus. See Ex parte A.M.P., 997 So.2d 1008, 1014 (Ala. 2008) (citing Ex parte McInnis, 820 So.2d 795 (Ala. 2001) )("A petition for a writ of mandamus is an appropriate remedy for challenging an interlocutory order."). See also Ex parte Limerick, 66 So.3d 755, 756 (Ala. 2011) (" 'A petition for a writ of mandamus is the proper method for obtaining review of a trial court's authority to rule on a posttrial motion beyond the time period set forth in Rule 59.1, Ala. R. Civ. P.' " (quoting Ex parte Jackson Hosp. & Clinic, Inc., 49 So.3d 1210, 1211 (Ala. 2010) ).
An appellate court may treat an appeal that was improperly filed from an interlocutory order as a petition for the writ of mandamus. Meadwestvaco Corp. v. Mitchell, 195 So.3d 290, 294 (Ala. Civ. App. 2015). Accordingly, we have elected to treat DHR's appeals as petitions for the writ of mandamus, and we have restyled these matters. Generally, a mandamus petition must "be filed within a reasonable time." Rule 21(a)(3), Ala. R. App. P. The presumptively reasonable time for filing a petition for the writ of mandamus is the same as the time for taking an appeal, which, in a juvenile action, is within 14 days of the entry of the challenged order. See Rule 21(a)(3), Ala. R. App. P., and Ex parte R.W., 41 So.3d 800, 804 (Ala. Civ. App. 2009).
DHR filed its petitions on August 3, 2017, which was more than 14 days after the entry of the July 14, 2017, orders granting the father's motions for a new trial. Although DHR filed motions seeking to set aside the juvenile court's July 14 orders, this court has explained that, " 'unlike a postjudgment motion following a final judgment, a motion to reconsider an interlocutory order does not toll the presumptively reasonable time period that a party has to petition an appellate court for a writ of mandamus.' " Ex parte C.J.A., 12 So.3d 1214, 1216 (Ala. Civ. App. 2009) (quoting Ex parte Onyx Waste Servs. of Florida, 979 So.2d 833, 834 (Ala. Civ. App. 2007), citing in turn Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala. 2003) ). Thus, DHR's petitions were not filed within the presumptively reasonable time, and the petitions failed to "include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable *385 time." Rule 21(a)(3), Ala. R. App. P.
Our supreme court has held, however, that a petition for the writ of mandamus that challenges the jurisdiction of the trial court to enter the order sought to be vacated need not be filed within the presumptively reasonable period prescribed by Rule 21. See Ex parte K.R., 210 So.3d 1106, 1112 (Ala. 2016) (holding that, "even though [the] petition [was] untimely filed, we will consider [the] argument ... because it concerns the jurisdiction of the probate court, of which we may take notice ex mero motu"). See also Ex parte J.B., 223 So.3d 251, 254 (Ala. Civ. App. 2016). Therefore, DHR's petitions are properly before us.
" ' "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." ' Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala. 2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995) )."
Ex parte A.M.P., 997 So.2d at 1014.
Pursuant to Rule 1(B), Ala. R. Juv. P., "[a]ll postjudgment motions [in a juvenile-court proceeding] ... must be filed within 14 days after entry of order or judgment." After 14 days, the juvenile court loses jurisdiction and cannot consider untimely filed motions. See D.V.P. v. T.W.P., 905 So.2d 853, 856 (Ala. Civ. App. 2005). The juvenile court's judgments terminating the father's parental rights were entered on June 20, 2017. The father's motions for a new trial were not filed until July 6, 2017, which was beyond the 14-day jurisdictional time limit. Rule 1(B). The father's postjudgment motions were required to be filed no later than July 5, 2017; although 14 days from June 20 is July 4, because that day is a state holiday, the father had until the next day, July 5, to file his motions. See id.; see also Rule 1(A), Ala. R. Juv. P.; Rule 6(a), Ala. R. Civ. P.
We note that the father has not asserted that his motions were filed pursuant to Rule 60, Ala. R. Civ. P., which provides longer periods for filing motions under that rule than the 14-day period for filing a postjudgment motion in the juvenile court pursuant to Rule 1(B), Ala. R. Juv. P. Even if the father had made that assertion, however, "[t]he substance of a motion and not its style determines what kind of motion it is." Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997). In his motions, the father sought a new trial and asserted that he should have been permitted to attend the original termination trial.[2] The father did not assert that the judgments were void, or that they were entered in violation of his due-process rights, or otherwise "allege any ground justifying relief under Rule 60(b)." Morrison v. Phillips, 992 So.2d 743, 744 (Ala. Civ. App. 2008) ; see also Simmons v. Simmons, 390 So.2d 622, 624 (Ala. Civ. App. 1980) (holding that a "motion [that] clearly attacks the judgment of the court ... cannot be considered a motion for relief from judgment under Rule 60(a) or (b)").
*386 The father's postjudgment motions were not timely filed. Therefore, the juvenile court did not have jurisdiction to entertain the father's motions, and, consequently, any orders entered after the father's motions were filed are void. DHR's mandamus petitions are granted, and the juvenile court is directed to vacate its July 14, 2017, orders and any other orders entered without jurisdiction.
2160883-PETITION GRANTED; WRIT ISSUED.
2160884-PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

We note that the father's motions were filed on July 6, a day before the date counsel claims to have first become aware of the final termination judgments.

The materials before this court contain a pretrial order denying the father's request to be transported from prison to attend the original termination trial. The father did not challenge that order, nor did he request to present testimony by deposition. This court has explained that "an opportunity to present evidence by deposition satisfies due-process minima if a party cannot attend a trial because of his or her incarceration." S.J. v. Limestone Cty. Dep't of Human Res., 61 So.3d 303, 306 (Ala. Civ. App. 2010).