REL: March 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-1062
_____

**Carl Michael Seibert**

**v.**

**Lorri Ann Fields**

**Appeal from Madison Circuit Court**
**(DR-13-900006.82)**

MOORE, Judge.

Carl Michael Seibert ("the former husband") appeals from a judgment entered by the Madison Circuit Court ("the trial court") following this court's reversal of a judgment that, among other things, awarded him sole physical custody of his children with Lorri Ann Fields

CL-2022-1062

("the former wife") and ordered the former wife to pay child support. We dismiss the former husband's appeal.

Procedural History

The parties have previously appeared before this court. See Seibert v. Fields, 290 So. 3d 420 (Ala. Civ. App. 2019) ("Seibert"); Ex parte Seibert, 231 So. 3d 1111 (Ala. Civ. App. 2017); Seibert v. Seibert, 217 So. 3d 843 (Ala. Civ. App. 2015) (table); Ex parte Seibert, 171 So. 3d 699 (Ala. Civ. App. 2013) (table); and Ex parte Seibert, 171 So. 3d 700 (Ala. Civ. App. 2013) (table). The parties were divorced by a judgment entered by the trial court in 2014 and, on September 13, 2017, the former wife filed a verified complaint seeking to hold the former husband in contempt and for a rule nisi. Seibert, 290 So. 3d at 422. The former husband filed a counterclaim, requesting, among other things, that he be awarded sole physical custody of the parties' children and that the former wife be ordered to pay child support. Id. On March 8, 2018, the trial court entered a judgment that, among other things, awarded the former husband sole physical custody of the parties' children and ordered the former wife to pay to the former husband child support in the amount of

$300 per month. Id. In Seibert, this court reversed the trial court's judgment "to the extent that it determined the former wife's child-support obligation," and we remanded the cause "for the trial court to recalculate the former wife's child-support obligation in accordance with Rule 32[, Ala. R. Jud. Admin.,] and this [court's] opinion." 290 So. 3d at 427.

Following this court's reversal, the trial court conducted a trial at which testimony was presented and various exhibits were admitted into evidence. On May 6, 2022, the trial court entered a judgment in which, among other things, it determined that the former wife was in arrears in her child-support obligation in the amount of $5,196.93; ordered the former husband to pay fees and expenses to an expert witness in the amount of $2,000; ordered each party to pay his or her own attorney's fees and costs; and denied all remaining requested relief.

On June 3, 2022, the former husband filed a motion, pursuant to Rules 52 and 59, Ala. R. Civ. P., requesting, among other things, that the trial court amend its findings, make additional findings, or otherwise amend its judgment. The trial court entered an order on August 29, 2022,

3

denying that postjudgment motion. The former husband filed his notice of appeal to this court on October 12, 2022.[1] On November 23, 2022, this court entered an order directing the parties to file letter briefs addressing whether the appeal had been timely filed. Both parties filed letter briefs in response to this court's order; the former wife's letter brief was accompanied by a motion to dismiss based on the former husband's appeal having been untimely filed.

## Motion to Dismiss

In her motion to dismiss, the former wife asserts that the former husband did not timely file his notice of appeal. See Golden Poultry, Inc. v. Mears, 719 So. 2d 838, 839 (Ala. Civ. App. 1998) ("The timely filing of an appeal is a jurisdictional act, and an untimely appeal must be dismissed.").

---

[1]The former husband filed a second motion pursuant to Rule 52, Ala. R. Civ. P., on September 28, 2022, and the trial court entered an order purporting to deny that motion on September 29, 2022; we note, however, that that motion did not extend the time for the former husband to file his notice of appeal. See, e.g., Golden Poultry, Inc. v. Mears, 719 So. 2d 838, 838 n.1 (Ala. Civ. App. 1998) (noting that a "second 'motion for amended findings'" did not extend the time for appeal from the final judgment in that case).

The trial court entered a final judgment on May 6, 2022. On June 3, 2022, the former husband filed a timely postjudgment motion, pursuant to Rules 52 and 59, and, on August 29, 2022, the trial court entered an order denying that motion. In accordance with the Alabama Rules of Appellate Procedure, the former husband had 42 days from the entry of the August 29, 2022, postjudgment order to timely file a notice of appeal. See Rule 4(a)(1), Ala. R. App. P. (providing that a notice of appeal "shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from"); Rule 4(a)(3), Ala. R. App. P. (providing that the filing of a postjudgment motion pursuant to Rules 52 or 59 of the Alabama Rules of Civil Procedure suspends the running of the time for filing a notice of appeal). The 42nd day following the entry of the August 29, 2022, postjudgment order fell on October 10, 2022, which was a legal holiday, see Rule 6(a), Ala. R. Civ. P.; Rule 26(a), Ala. R. App. P., therefore, the former husband had until October 11, 2022, to timely file a notice of appeal. See Rule 4, Ala. R. App. P.; Rule 26(a), Ala. R. App. P. (extending the last day of any

period within the Alabama Rules of Appellate Procedure to the end of the next day when the last day of the period occurs on a legal holiday).

In his letter brief to this court, the former husband admits that his notice of appeal was not filed in the trial court until October 12, 2022. He asserts, however, that his attorney experienced technical difficulties with the trial court's electronic filing system and was unable to file the notice of appeal in the trial court on October 11, 2022. The former husband further asserts that his attorney electronically filed the notice of appeal with this court on October 11, 2022, and he directs this court to the notice of appeal in this court's case file, which bears a time stamp dated October 11, 2022, at 6:53 p.m.[2]

---

[2]The former husband attached to his letter brief the affidavit of his attorney in support of his assertions surrounding the difficulties his attorney had while attempting to electronically file the notice of appeal in the trial court on October 11, 2022. The affidavit is dated December 1, 2022. We decline to address whether this court may consider that affidavit on appeal because such a determination is unnecessary in light of our resolution of the former wife's motion to dismiss.

CL-2022-1062

The Alabama Rules of Appellate Procedure explicitly address the proper method of filing a notice of appeal to invoke the jurisdiction of this court. Rule 3(a)(1), Ala. R. App. P., provides:

> "In civil cases, an appeal permitted by law as of right shall be taken to an appellate court <u>by filing a notice of appeal with the clerk of the trial court</u> within the time allowed by Rule 4[, Ala. R. App. P.] The appellant shall cause a sufficient number of additional copies of the notice of appeal to be marked filed with the date of filing noted thereon and certified as a true copy by the clerk of the trial court for service on the persons and parties as provided by (d)(1) or (d)(3) of this rule. Appeals by permission from interlocutory orders shall be taken in the manner prescribed by Rule 5[, Ala. R. App. P.] <u>The notice of appeal may be filed electronically with the trial court clerk through the trial court's electronic-filing system.</u> If the notice of appeal is filed electronically, the appellant is not required to provide the additional copies required by this rule."

(Emphasis added.)

The requirement that the notice of appeal be filed with the clerk of the trial court is echoed in Rule 3(d)(1), Ala. R. App. P. (providing that, after the filing of the notice of appeal with the clerk of the trial court, it is the duty of the clerk of the trial court to then serve a copy of the notice of appeal on the clerk of the appropriate appellate court); the Committee Comments to Rule 3 ("Failure of an appellant to take any step other than

7

the timely filing of a notice of appeal with the clerk of the trial court does not affect the validity of the appeal ...."); the Court Comment to Amendments to Rule 3(a), (d), and (e) Effective October 1, 2019 ("If the notice of appeal is filed electronically, under Rule 3(d)(3), the clerk of the trial court may serve the notice of appeal electronically on the appropriate appellate court ...."); and Rule 4(a)(1) (providing that the notice of appeal "shall be filed with the clerk of the trial court within 42 days"). Pursuant to the Alabama Rules of Appellate Procedure, in civil cases a notice of appeal must be timely filed in the trial court to invoke this court's jurisdiction.

In Crawford v. Kindred, 418 So. 2d 908, 909 (Ala. Civ. App. 1982), this court determined that a party did not properly appeal the judgment entered by a small-claims court by filing a notice of appeal directly with the clerk of this court, and, therefore, we dismissed the appeal. Since Crawford was decided, neither our supreme court nor our legislature has promulgated any provision authorizing a party to file a notice of appeal directly with the clerk of this court from a judgment entered in a domestic-relations case. Cf. Ala. Code 1975, § 16-24B-5 (requiring

8

appeals in certain actions under the Teacher Accountability Act, Ala. Code 1975, § 16-24B-1 et seq., to be filed with the clerk of this court). Furthermore, neither the Alabama Rules of Appellate Procedure nor any provision of the Code of Alabama allows this court to treat a notice of appeal filed directly with the clerk of this court as having been filed with the clerk of the trial court. We also have not located any provision in the law authorizing this court to transfer a notice of appeal filed with the clerk of this court to the clerk of the trial court for filing in that court. Cf. Ala. Code 1975, § 12-1-4 (authorizing transfer of appeals between appellate courts). Accordingly, we conclude that the notice of appeal filed with this court is a legal nullity that was not sufficient to invoke this court's appellate jurisdiction.

The former husband argues that this court should overlook the defect where the notice was filed based on Dunning v. New England Life Insurance Co., 890 So. 2d 92, 96 (Ala. 2003), which held that, "absent a showing that the alleged defect in a notice of appeal prejudiced the adverse party, an appeal will not be dismissed on the basis of that defect." However, the issue in Dunning was not whether the notice of appeal had

been timely filed or whether it had been properly filed in the appropriate court to invoke that court's jurisdiction. Rather, the issue in <u>Dunning</u> was whether a timely filed copy of a notice of appeal that did not include an original signature was sufficient to invoke the jurisdiction of the supreme court. <u>Id.</u> at 96. Our supreme court concluded in <u>Dunning</u> that, because neither the Alabama Rules of Appellate Procedure nor the Alabama Rules of Civil Procedure required that a notice of appeal bear an original, penned signature, the timely and properly filed copy of the original notice of appeal was acceptable to invoke the jurisdiction of the appellate court. <u>Id.</u> at 96-97. In this case, unlike in <u>Dunning</u>, the defect at issue is not procedural, but is jurisdictional, and one which this court cannot overlook or excuse. <u>See</u> Rule 2(b), Ala. R. App. P. We find <u>Dunning</u> does not conflict with our decision that the filing of the former husband's notice of appeal directly with the clerk of this court is a legal nullity.

The former husband also argues that his appeal should be addressed on the merits because his failure to timely file his notice of appeal in the trial court resulted from his attorney's "technical issues

with the AlaFile system," which he apparently sought to mitigate by filing his notice of appeal with the clerk of the trial court on the following day. We conclude, however, that even in consideration of those asserted facts, the former husband's appeal was not timely filed.

Electronic filing in the trial court is addressed by Rule 5(e), Ala. R. Civ. P., which provides, in pertinent part, that "[a] pleading, motion, order, or other document filed by electronic means in accordance with an order or rules of the Supreme Court of Alabama constitutes filing with the court for the purpose of applying these rules." Rule 44, Ala. R. Jud. Admin., provides for the publication, by the Administrative Director of Courts, of "a policies and procedures manual pertaining to electronic filing to be placed on the Administrative Office of Courts' Web site." This court takes judicial notice of the fact that, on the date this opinion was released, a folder on the home page of the Web site http://efile.alacourt.gov/administrative-procedures contains a document entitled "Administrative Policies and Procedures for Electronic Filing in the Civil Divisions of the Alabama Unified Judicial System" ("the electronic-filing policy manual"), which we recognize as an order of the

11

CL-2022-1062

Alabama Supreme Court made in accordance with Rule 44. See Cooper v. MTA, Inc., 166 So. 3d 106, 108 n.3 (Ala. 2014) (plurality opinion) (stating that, pursuant to Rule 201(b)(2), Ala. R. Evid., an appellate court "may take judicial notice of facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'"); and Alabama Dep't of Revenue v. Frederick, 166 So. 3d 123, 124 (Ala. Civ. App. 2014) (concluding that the "'Administrative Policies and Procedures for Electronic Filing in the Civil Division of the Alabama Unified Judicial System'" governed electronic filing and amounted to "'an order … of the Supreme Court,'" pursuant to Rule 5(e), Ala. R. Civ. P.).

The electronic-filing policy manual addresses circumstances in which a party experiences technical difficulties with the trial court's electronic-filing system. Specifically, the electronic-filing policy manual states:

> "If a party misses a Court imposed filing deadline because of an inability to electronically file based upon the unavailability of the system, the party may submit the untimely filed document, accompanied by a declaration stating the reason or reasons for missing the deadline. The

12

document and declaration must be filed no later than 12:00 noon of the first day on which the court of jurisdiction is open for business following the original filing deadline. A model form of the declaration is available at http://efile.alacourt.gov."

In the present case, the former husband argues that his attorney had technical difficulties with the trial court's electronic-filing system that prevented him from filing the notice of appeal on October 11, 2022. In that event, the electronic-filing policy manual permitted the late filing of the notice of appeal by filing the same by "12:00 noon" on October 12, 2022, accompanied by a "declaration stating the reason or reasons for missing the deadline." The State Judicial Information System indicates that the former husband's notice of appeal was filed in the trial court on October 12, 2022, at 12:07 p.m. Thus, the former husband missed the filing deadline outlined in the electronic-filing policy manual. Additionally, the former husband failed to submit to the trial court, at any time, a declaration stating the reason for having missed the October 11, 2022, deadline. We conclude, therefore, that the former husband failed to file his notice of appeal in the trial court in accordance with the orders of our supreme court, as required by Rule 5(e).

13

The timely filing of a notice of appeal with the clerk of the trial court is a jurisdictional act, and an untimely appeal must be dismissed. <u>See</u> Rule 3, Ala. R. App. P.; and <u>Golden Poultry</u>, 719 So. 2d at 829. The former husband failed to timely file his notice of appeal with the clerk of the trial court in accordance with the Alabama Rules of Appellate Procedure and the Alabama Rules of Civil Procedure. We therefore dismiss the appeal. <u>See</u> Rule 2(a)(1), Ala. R. App. P. (stating that an appeal shall be dismissed if the notice of appeal is not timely filed to invoke the jurisdiction of the appellate court).

APPEAL DISMISSED.

Thompson, P.J., and Edwards, Hanson, and Fridy, JJ., concur.